SHELTON L. FREEMAN (AZ #009687)
NANCY J. MARCH (AZ #012802)
CHARLES J. BABBITT, III (AZ #023079)
**DeConcini McDonald Yetwin & Lacy, P.C.**
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

Ph: (602) 282-0500
Fax: (602) 282-0520
E-mail: tfreeman@dmylphx.com
E-mail: nmarch@dmyl.com
E-mail: cbabbitt@dmylphx.com

Proposed Special Counsel for Radical Bunny, L.L.C.

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | Involuntary Chapter 7 Case |
|---|---|
| RADICAL BUNNY, L.L.C., | Case No. 2:08-bk-13884-CGC |
| Debtor. | **MOTION TO CONVERT INVOLUNTARY CHAPTER 7 CASE TO CASE UNDER CHAPTER 11 PURSUANT TO 11 U.S.C. §§ 348(a) AND 706(a)** |

This Motion is filed by Radical Bunny, L.L.C. ("Radical Bunny" or the "Debtor"), the debtor and debtor-in-possession in the above-entitled bankruptcy case. Through this Motion, and pursuant to 11 U.S.C. §§ 348(a) and 706(a), and Rules 1017(f) and 9013, Federal Rules of Bankruptcy Procedure, Radical Bunny asks this Court to enter an Order converting, as a matter of right, this involuntary Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code. In support of this Motion, Radical Bunny respectfully represents as follows:

///

///

## JURISDICTION

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

2. The statutory predicates for the relief requested include 11 U.S.C. §§ 348(a) and (e), and 706(a), and Rules 1017(f) and 9013, Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. Radical Bunny provided loans to Mortgages Ltd. ("ML") in conjunction with ML's business of providing loans for commercial projects. The portfolio of loans by ML consists of approximately 72 loans to borrowers secured by real estate, other collateral and personal guarantees of principals. ML obtained funds for its loan portfolio from several different forms of investment vehicles and the funds borrowed from Radical Bunny. The investors of ML received fractional interests in notes and deeds of trust. Radical Bunny received a security interest in the fractional interests held by ML as collateral for its loans as well as additional collateral.

4. Radical Bunny has approximately 900 participants, who have contributed approximately $197,000,000 into loans to ML, pursuant to 98 promissory notes between Radical Bunny and ML.

5. ML suffered significant financial problems due to the declining economic market coupled with the death of its principal, Scott Coles. Borrowers of ML commenced an involuntary petition against ML and ML converted the case to a Chapter 11 proceeding pursuant to an order entered on June 24, 2008.

6. Radical Bunny's participants have been supportive of its efforts in the ML Bankruptcy to preserve and collect the loans owing by ML. Unfortunately, the

efforts of just a couple of participants have caused Radical Bunny to be in these proceedings by the filing of an involuntary petition on October 8, 2008. Cathy Baker, Laing Kandel and Steven Friedberg (the "Petitioning Parties") collectively hold only 1% of the participation in Radical Bunny loans to ML.

7. Radical Bunny believes that the Petitioning Parties filed the Involuntary Petition recklessly and in bad faith. Upon filing, the Petitioning Parties were not (and are not) eligible creditors within the meaning of 11 U.S.C. § 303(b)(1). However, rather than expending the resources to pursue claims for the bad faith filing at this time, Radical Bunny will preserve those claims and move forward by converting this case to a Chapter 11 proceeding.

## REQUEST TO CONVERT TO CHAPTER 11

8. Section 706(a) provides that a debtor has the right to convert the case under Chapter 11 "at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." *See, e.g. In re J.B. Lovell Corporation*, 876 F.2d 96, 97 (11 Cir. 1989)(Sec. 706 grants debtors a one-time absolute right to voluntarily convert a Chapter 7 proceeding against them into a Chapter 11 reorganization proceeding).

9. Section 706(d) limits the Debtor's right to convert only if the Debtor cannot be a debtor under Chapter 11. The instant case is eligible for conversion to Chapter 11 as a matter of right because the case has not previously been converted to Chapter 7 under § 1112 of the Bankruptcy Code, and Radical Bunny is eligible to be a Chapter 11 debtor under 11 U.S.C. § 109(d).

10. Pursuant to Section 348(a), the conversion of the case to Chapter 11 constitutes an order for relief. See 11 U.S.C. § 348(a); *In re Source Enterprises, Inc.*, 2006 WL 3253480 (Bankr. S.D.N.Y.) at * 4 (Conversion constitutes an order for relief under 11 U.S.C. § 348(a)).

3

11. Upon the conversion to Chapter 11, the Debtor will continue to operate its business and manage its assets and affairs as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 & 1108.

## CONCLUSION

WHEREFORE, based on all of the foregoing, Radical Bunny respectfully requests that the Court enter an order:

A. Converting this case to a case under Chapter 11 pursuant to 11 U.S.C. § 706(a);

B. Expressly finding that the conversion of the case constitutes the entry of an order for relief as of the date of conversion, pursuant to 11 U.S.C. § 348(a);

C. Granting the Debtor such other and further relief as the Court deems just and proper under the circumstances.

DATED this 20th day of October, 2008.

DeConcini McDonald Yetwin & Lacy, P.C.

By: _____
Shelton L. Freeman
Nancy J. March
Charles J. Babbitt, III
Attorneys for Radical Bunny, L.L.C.

COPY served upon the following by e-mail this 20th day of October, 2008:

Carlos M. Brechner
Arboleda Brechner
4545 East Shea Boulevard
Suite 120
Phoenix, AZ 85028
Email: smbrechner@abfirm.com

By: _____

4