**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

In re

RADICAL BUNNY, LLC,

                    Debtor.

Chapter 11

Case No. 2:08-bk-13884-CGC

# PLAN OF REORGANIZATION

Thomas J. Salerno
Jordan A. Kroop
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
Two Renaissance Square, Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004
(602) 528-4000

Counsel to Chapter 11 Trustee

Dated: October 19, 2009

# INTRODUCTION

G. Grant Lyon, the Chapter 11 trustee appointed for the debtor, Radical Bunny, LLC, in this Chapter 11 case, proposes the following plan for the resolution of its outstanding claims and equity interests. **All holders of Claims against, and Equity Interests in, the Debtor are encouraged to read the Plan, the Disclosure Statement, and the related materials in their entirety.**

Subject to the restrictions on modifications set forth in Bankruptcy Code § 1127, Bankruptcy Rule 3019, and Section 12.01 of the Plan, the Trustee reserves the right to amend the Plan one or more times before its substantial consummation.

# ARTICLE 1.
## DEFINITIONS AND RULES OF INTERPRETATION

Except as otherwise specifically noted, all capitalized terms used in the Plan have the meanings ascribed to them in this Article 1. Any capitalized term used but not defined in the Plan retains the meaning ascribed to it in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, terms include the plural as well as the singular and the masculine gender as well as the feminine gender. "Including" is inclusive and not exclusive, as in "including, without limitation."

As used in the Plan, the following terms have the following meanings:

**1.01. Administrative Claim.** A Claim for any expense of administration of the Chapter 11 Case Allowed under Bankruptcy Code §§ 503(b), 507(b), or 546(c)(2) and entitled to priority under Bankruptcy Code § 507(a)(1), including: (a) fees payable under 28 U.S.C. § 1930; (b) actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business; (c) actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case; and (d) all Professional Fee Claims to the extent Allowed by Final Order under Bankruptcy Code §§ 330, 331, or 503.

**1.02. Administrative Claims Bar Date.** The first Business Day 30 days after the Confirmation Date.

**1.03. Allowed.** (a) A Claim that has been allowed by a Final Order or (b) with respect to any Claim against, or Equity Interest in, the Debtor: (i) (A) proof of which, request for payment of which, or application for allowance of which, was filed or deemed filed with the Bankruptcy Court on or before the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable, for filing proofs of claim or equity interest or requests for payment for Claims of that type against the Debtor or other applicable date established by order of the Bankruptcy Court, even if that date is after the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable; or (B) a Claim or Equity Interest that is allowed by the Debtor; (ii) listed as undisputed, liquidated, and non-contingent in the Schedules and as to which no objection to its allowance or motion to estimate for purposes of allowance has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court; and (iii) in each instance, a Claim or Equity Interest as to which no objection to its allowance or motion to estimate for purposes of allowance has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or, as to which any such objection or motion has been interposed, to the extent allowed by a Final Order. The term "Allowed," when used to modify a reference in the Plan to any Claim, Equity Interest, Class of Claims, or Class of Equity Interests, means a Claim or Equity Interest (or any Claim or Equity Interest in any Class) that is so allowed (*e.g.,* an "Allowed Secured Claim" is a Claim that has been allowed to the extent of the value, as determined by the Bankruptcy Court under Bankruptcy Code § 506(a), of any interest in property of an Estate securing such Claim).

**1.04. Avoidance Actions.** All statutory causes of action preserved for the Estate under Bankruptcy Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, and 553 that the Estate may have against any Person including those listed in Exhibit B to the Plan. Failure to list an Avoidance Action in the Plan does not constitute the Estate's waiver or release of that Avoidance Action.

**1.05. Bankruptcy Code.** Title 11 of the United States Code as of the Petition Date.

**1.06. Bankruptcy Court.** The United States District Court for the District of Arizona and, to the extent of any reference under 28 U.S.C. § 157, the bankruptcy unit of the District Court under 28 U.S.C. § 151.

**1.07. Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court applicable to the Chapter 11 Case.

**1.08. Ballot.** The form of ballot or ballots distributed with the Disclosure Statement to holders of Claims and Equity Interests entitled to vote on the Plan on which an acceptance or rejection of the Plan is indicated.

**1.09. Bar Date.** The date fixed by the Bankruptcy Court by which Persons asserting a Claim against, or Equity Interest in, the Debtor (*except* Administrative Claims, Professional Fee Claims, and Rejection Damages Claims) are required to file a proof of claim or equity interest or a request for payment or be forever barred from asserting a Claim against or Equity Interest in the Debtor or its property, from voting on the Plan, and from sharing in distributions under the Plan.

**1.10. Business Day.** Any day other than a Saturday, Sunday, or legal holiday (as defined in Bankruptcy Rule 9006).

**1.11. Cash.** Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**1.12. Chapter 11 Case.** The case under Chapter 11 of the Bankruptcy Code in which Radical Bunny, LLC is the debtor pending before the Bankruptcy Court, Case No. 2:08-bk-13884-CGC.

**1.13. Class.** A category consisting of holders of Claims or Equity Interests substantially similar in nature to the Claims or Equity Interests of other holders placed in that category, as designated in Article 3 of the Plan.

**1.14. Collateral.** Any property or interest in property of the Estate subject to a Lien to secure the payment or performance of a Claim, the Lien not being subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

**1.15. Committee.** The official committee of creditors appointed in the Chapter 11 Case under Bankruptcy Code § 1102.

**1.16. Confirmation Date.** The date the Bankruptcy Court enters the Confirmation Order.

**1.17. Confirmation Hearing.** The hearing held by the Bankruptcy Court to consider confirmation of the Plan under Bankruptcy Code § 1129.

**1.18. Confirmation Order.** The order of the Bankruptcy Court confirming the Plan in accordance with the Bankruptcy Code. The Confirmation Order need not necessarily be a Final Order.

**1.19. Contingent Claim.** Any Claim for which a proof of claim has been filed with the Bankruptcy Court that: (a) was not filed in a fixed amount, or has not accrued and depends on a future event that has not occurred and may never occur; and (b) has not been Allowed on or before the Confirmation Date.

**1.20. Cure.** The payment on the Effective Date of Cash or other property as a condition to the assumption or assumption and assignment by the Debtor of an executory contract or unexpired lease of nonresidential real property, in accordance with Bankruptcy Code § 365(b).

**1.21. D&O Policy.** Any directors and officers liability insurance policy or any applicable errors and omissions policy applicable to the Debtor's directors and officers.

**1.22. Debtor.** Radical Bunny, LLC, an Arizona limited liability company.

**1.23. Disallowed.** In reference to a Claim, a Claim or any portion of a Claim that has been disallowed or withdrawn by Final Order.

**1.24. Disclosure Statement.** The written disclosure statement relating to the Plan (including all exhibits and schedules) in the form approved by the Bankruptcy Court under Bankruptcy Code § 1125 and Bankruptcy Rule 3017.

**1.25. Disputed.** With respect to Claims or Equity Interests, any Claim or Equity Interest: (a) listed in the Schedules as unliquidated, disputed, or contingent, or as to which the Debtor or any other party-in-interest has (i) interposed a timely objection or request for estimation, or (ii) sought to equitably subordinate or otherwise limit recovery in accordance with the Bankruptcy Code and the Bankruptcy Rules, in each instance where such listing, objection, request for estimation, or action to limit recovery has not been withdrawn or determined by a Final Order; or (b) that is a Contingent Claim.

**1.26. Distribution Record Date.** The date, established in the Confirmation Order, by which the identities of the holders of Claims and Equity Interests are determined for purposes of entitlement to receive distributions under the Plan.

**1.27. Effective Date.** The first Business Day that is eleven days after the Confirmation Date and on which (a) no stay of the Confirmation Order is in effect and (b) all conditions to effectiveness set forth in Section 9.02 of the Plan have been satisfied or waived in accordance with the Plan.

**1.28. Equity Interest.** Any equity interest in the Debtor represented by any certificated or uncertificated membership interest issued to any Person before the Effective Date, and any warrants, options, or rights to purchase any equity interest.

**1.29. Estate.** The estate for the Debtor created in the Chapter 11 Case under Bankruptcy Code § 541.

**1.30. Exchange Act.** The Securities Exchange Act of 1934, as amended, and its applicable regulations.

**1.31. Final Order.** An order or judgment of the Bankruptcy Court: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired, or as to which any right to appeal, petition for certiorari, reargue, or rehear has been waived in writing in form and substance satisfactory to the Debtor; and (b) if an appeal, writ of certiorari, or reargument or rehearing has been sought, as to which the highest court to which the order was appealed, or certiorari, reargument or rehearing was sought, has determined or denied the appeal, writ of certiorari, reargument, or rehearing, and the time to take any further appeal, petition for writ of certiorari, or move for reargument or rehearing has expired; but the filing of a motion under Rule 59 or 60 of the Federal Rules of Civil Procedure, or any analogous

rule under the Bankruptcy Rules, with respect to the order does not prevent the order from being a Final Order.

**1.32. General Unsecured Claim.** Any Claim against the Debtor existing as of the Petition Date not secured by an interest in property of the Estate, other than a Secured Claim, an Administrative Claim, a Priority Tax Claim, a Priority Claim, a Participant Claim, or a Securities Claim.

**1.33. IRS.** The Internal Revenue Service.

**1.34. Litigation Claims.** All rights, claims, torts, liens, actions, causes of action, avoiding powers, proceedings, debts, contracts, judgments, offsets, damages, and demands in law or in equity, including Avoidance Actions, whether known or unknown, contingent or otherwise, that the Estate has brought or may have against any Person, including those listed in Exhibit B to the Plan. Failure to list a Litigation Claim in the Plan does not constitute the Estate's or Reorganized RB's waiver or release of that Litigation Claim.

**1.35. Maximum Amount.** With respect to any Disputed Claim: (a) the amount to which Reorganized RB and the holder of the Disputed Claim agree; or (b) any amount the Bankruptcy Court estimates or determines under Bankruptcy Code § 502(c); or (c) absent any agreement, estimation, or determination, the amount set forth in the proof of claim filed by the holder of the Disputed Claim, or, if no amount is so set forth, the amount set forth in the Schedules for the Disputed Claim, or, if no amount is so set forth, the amount Reorganized RB estimates in its good faith discretion.

**1.36. Participant.** A Person reflected in Schedule F of the Schedules as holding an unsecured non-priority Claim for "Funds advanced to Debtor," or amounts loaned, advanced, or otherwise invested in the Debtor for use as the Debtor's capital to conduct its business before the Petition Date.

**1.37. Participant Claim.** An unsecured non-priority Claim of a Participant for amounts loaned, advanced, or otherwise invested in the Debtor for use as the Debtor's capital to conduct its business before the Petition Date.

**1.38. Pass-Through Investments.** Accounts constituting an investment in certain loans made by Mortgages Ltd. in which the Debtor is nominally identified as the holder of that account but in which an individual identified on Exhibit C to the Plan is the beneficial holder of the account and the obligee on the investment. Pass-Through Investments are not Claims against the Debtor, do not constitute Participant Claims, and do not constitute property of the Estate.

**1.39. Petition Date.** October 20, 2008, the date on which the Debtor obtained an order of the Bankruptcy Court converting, to Chapter 11, the Chapter 7 case commenced with the filing of an involuntary petition against the Debtor on October 8, 2008.

**1.40. Plan.** This plan of reorganization, either in its present form or as it may be amended, supplemented, or modified from time to time, including, except where the context otherwise requires, all its annexed exhibits.

**1.41. Priority Claim.** Any Claim (or portion of a Claim) entitled to priority under Bankruptcy Code § 507(a) other than Priority Tax Claims and Administrative Claims.

**1.42. Priority Tax Claim.** Any Claim of a Governmental Unit entitled to priority under Bankruptcy Code § 507(a)(8).

**1.43. Professional.** A Person: (a) employed in the Chapter 11 Case in accordance with an order of the Bankruptcy Court under Bankruptcy Code §§ 327, 328, 363, or 1103 and to be compensated for services under Bankruptcy Code §§ 327, 328, 329, 330, and 331 or order of the Bankruptcy Court; or (b) for whom compensation and reimbursement has been Allowed by a Final Order under Bankruptcy Code § 503(b).

**1.44. Professional Fee Bar Date.** The first Business Day that is 60 days after the Confirmation Date.

**1.45. Professional Fee Claim.** An Administrative Claim for compensation and reimbursement of expenses of a Professional rendered or incurred before the Effective Date submitted in accordance with Bankruptcy Code §§ 328, 330, 331, or 503(b).

**1.46. Pro Rata.** A proportionate share, such that the ratio of the consideration distributed on account of an Allowed Claim in a Class to the amount of that Allowed Claim is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims in that Class to the amount of all Allowed Claims in that Class.

**1.47. RB Insiders.** Collectively, the holders of Equity Interests in the Debtor as of the Petition Date, the members of the Debtor's senior management as of the Petition Date, including Tom Hirsch, the Hirsch Family Trust, Howard Walder, Berta Walder, and Harish Shah, any spouses of the foregoing people, and any entity in which one or more of the foregoing people or their spouses own a majority of the equity or beneficial interests as of the Petition Date, or any successor-in-interest to any such Person.

**1.48. Reorganized RB.** The Debtor from and after the Effective Date.

**1.49. Reorganized RB Manager.** A corporation named "RB Liquidation Manager Corp." formed as of the Effective Date, whose shareholders are David Fieler, Visnu Patel, Thomas Lewandowski, Pramod Patel, and Deborah Roff, which exercises all authority as the Manager of Reorganized RB under the Reorganized RB Operating Agreement from and after the Effective Date.

**1.50. Reorganized RB Operating Agreement.** The operating agreement governing the operations of Reorganized RB from and after the Effective Date, substantially in the form attached to the Plan as Exhibit A.

**1.51. Schedules.** The schedules of assets and liabilities, the list of holders of interests, and the statements of financial affairs filed by the Debtor under Bankruptcy Code § 521 and Bankruptcy Rule 1007, as the schedules, list, and statements may have been or may be supplemented or amended from time to time.

**1.52. SEC.** The United States Securities and Exchange Commission.

**1.53. Secured Claim.** Any Claim (a) listed in the Schedules as a liquidated, noncontingent, and undisputed secured Claim, or (b) reflected in a proof of claim as a secured Claim, secured by a Lien on Collateral to the extent of the value of the Collateral, as determined in accordance with Bankruptcy Code § 506(a), or, if the Claim is subject to setoff under Bankruptcy Code § 553, net of the setoff.

**1.54. Secured Tax Claim.** Any Claim of any governmental unit or associated political subdivision, including principal taxes and accrued and unpaid interest under applicable law from the Petition Date, that is secured by a Lien on property of the Estate by operation of applicable law including every Claim for unpaid real, personal property, or *ad valorem* taxes.

**1.55. Securities Act.** The Securities Act of 1933, as amended, and its applicable regulations.

**1.56. Securities Claim.** Any Claim by any Person other than the Debtor or Reorganized RB: (a) arising from the rescission of a purchase or sale of a security; or (b) for damages arising from the purchase or sale of a security; or (c) that asserts equitable or contractual rights of reimbursement, contribution, or indemnification arising from such a Claim; including any Claim that has been or may be asserted by any Person other than the Debtor or Reorganized RB against the Debtor or one or more of its officers, directors, or managing members.

**1.57. Trustee.** G. Grant Lyon, in his capacity as Chapter 11 trustee in the Chapter 11 Case, appointed under Bankruptcy Code § 1104 by order of the Bankruptcy Court.

**ARTICLE 2.**
**TREATMENT OF UNCLASSIFIED CLAIMS**

**2.01. Unclassified Claims.** As provided in Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims are not classified for purposes of voting on, or receiving distributions under, the Plan. Holders of Administrative Claims and Priority Tax Claims are not entitled to vote on the Plan but, rather, are treated separately in accordance with Sections 2.02 and 2.03 of the Plan and under Bankruptcy Code § 1129(a)(9)(A).

**2.02. Allowed Administrative Claims.**

    **a. Generally.** Each Allowed Administrative Claim (other than a Professional Fee Claim) will be paid in full in Cash (or otherwise satisfied in accordance with its terms) on the latest of: (a) the Effective Date, or as soon after that date as practicable; (b) any date the Bankruptcy Court may fix, or as soon after that date as practicable; (c) 30 days after the Claim is Allowed; (d) any date on which the holder of the Claim and the Trustee or Reorganized RB agree; and (e) when sufficient Cash becomes available from Reorganized RB's post-Effective Date receipts.

    **b. Requests for Payment.** All requests for payment of an Administrative Claim (other than a Professional Fee Claim) must be served on Reorganized RB and filed with the Bankruptcy Court no later than the Administrative Claims Bar Date. Any holder of an Administrative Claim (other than a Professional Fee Claim) that fails to file and serve its request by the Administrative Claims Bar Date will be forever barred from asserting its Administrative Claim against the Debtor or Reorganized RB.

**2.03. Allowed Priority Tax Claims.** Any Allowed Priority Tax Claim will be paid in full in Cash on the latest of: (a) the Effective Date (or as soon after that date as practicable); (b) 30 days after the Claim is Allowed; and (c) when sufficient Cash becomes available from Reorganized RB's post-Effective Date receipts. The Trustee or Reorganized RB may elect to pay any Allowed Priority Tax Claim through regular installment payments in Cash of a total value, as of the Effective Date, equal to the Allowed amount of the Claim, over a period ending not later than five years after the Petition Date, and in a manner not less favorable than the most favored General Unsecured Claim provided for by the Plan. If the Trustee or Reorganized RB so elect, the installment payments will be made in equal quarterly installments of principal plus interest, at a rate determined under applicable nonbankruptcy law, on the unpaid portion of the Allowed Priority Tax Claim accruing from the Effective Date. The first payment will be made on the latest of: (a) the Effective Date, or as soon after that date as practicable; (b) 30 days after the Claim is Allowed, or as soon after that date as practicable; (c) another date on which the holder of the Claim and the Trustee or Reorganized RB agree; and (d) when sufficient Cash becomes available from Reorganized RB's post-Effective Date receipts. Reorganized RB retains the right to prepay any Allowed Priority Tax Claim, or any remaining balance of such a Claim, in full or in part, at any time on or after the Effective Date without premium or penalty.

**2.04. Professional Fee Claims.** Each Allowed Professional Fee Claim will be paid in full in Cash on the latest of: (a) three days after the Professional Fee Claim is Allowed; (b) another date on which the holder of the Professional Fee Claim and the Trustee or Reorganized RB agree; and (c) when sufficient Cash becomes available from Reorganized RB's pre- and post-Effective Date receipts. Each Person seeking an award by the Bankruptcy Court of Professional Fees must file with the Bankruptcy Court and serve on Reorganized RB its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Confirmation Date by the Professional Fee Bar Date.

**2.05. Post-Confirmation Date Professional Fees.** All claims of Professionals for services rendered or expenses incurred after the Confirmation Date in connection with the Chapter 11 Case and the Plan including those relating to consummation of the Plan, any appeal of the Confirmation Order, the preparation, filing, and review of Professional Fee Claims, the prosecution of Avoidance Actions and Litigation Claims, and the resolution of Disputed Claims, will be paid by Reorganized RB on receipt of an invoice, or on other terms on which Reorganized RB and the Professional agree, without the need for further Bankruptcy Court authorization or entry of a Final Order.

## ARTICLE 3.
## CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

**3.01. Class 1—Priority Claims.** Class 1 consists of all Priority Claims other than Priority Tax Claims.

    **a. Impairment and Voting.** Class 1 is unimpaired by the Plan. All holders of Allowed Priority Claims are deemed to have accepted the Plan and will not be solicited to vote on the Plan.

    **b. Treatment.** Each holder of an Allowed Priority Claim other than a Priority Tax Claim will receive Cash in an amount equal to its Allowed Priority Claim on the later of: (i) the Effective Date, or as soon after that date as practicable; (ii) 30 days after the Priority Claim is Allowed; and (iii) when sufficient Cash becomes available from Reorganized RB's post-Effective Date receipts; unless, before the later of these three dates, the holder of the Claim and Reorganized RB agree in writing to a different date.

**3.02. Class 2—Unsecured Claims.** Class 2 consists of all Participant Claims and all General Unsecured Claims.

    **a. Impairment and Voting.** Class 2 is impaired by the Plan. All holders of Class 2 Claims are entitled to vote and will be solicited to vote on the Plan.

    **b. Treatment.** Except with respect to the Participant Claims of the RB Insiders, each holder of an Allowed Class 2 Claim will receive, in full and final satisfaction of its Allowed Class 2 Claim, Pro Rata payment from Reorganized RB's assets after payment of Allowed Administrative Claims and Allowed Priority Claims and operating expenses of Reorganized RB in accordance with the Reorganized RB Manager's discretion.

    **c. Pass-Through Investments.** No holder of a Pass-Through Investment has a Claim against the Debtor or will receive any distribution under the Plan on account of that holder's Pass-Through Investment. If any holder of a Pass-Through Investment also is the holder of a Participant Claim, that holder will receive the treatment stated in subsection b above solely on account of that Participant Claim and not on account of the Pass-Through Investment.

    **d. Subordination of RB Insiders' Participant Claims.** All Claims of all RB Insiders are Disputed Claims. As an accommodation to non-RB Insider Participants, the RB Insiders will be deemed to have voluntarily subordinated their Claims in Class 2, including any Participant Claims they hold, to all

other Claims in Class 2. Accordingly, the RB Insiders will receive no distribution under the Plan on account of their Claims unless and until all other Allowed Claims in Class 2 are paid in full, with interest at the applicable legal rate, from the Petition Date through the date of final payment. If one or more RB Insiders objects to the treatment of its Claim under the Plan by filing a written objection by no later than the Bankruptcy Court-established deadline for objections to confirmation of the Plan, the Trustee reserves the right to commence an adversary proceeding seeking equitable subordination of that RB Insider's Claim under Bankruptcy Code § 510(c).

**e. No Voting Rights.** Because their Claims are subordinated under the Plan, and because they are insiders of the Debtor, the RB Insiders are not entitled to vote to accept or reject the Plan.

**3.03. Class 3—Securities Claims.** Class 3 consists of all Securities Claims.

**a. Impairment and Voting.** Class 3 is impaired by the Plan. All holders of Securities Claims are deemed to reject the Plan and will not be solicited to vote on the Plan.

**b. Treatment.** Under Bankruptcy Code § 510(b), each Securities Claim is mandatorily subordinated to all other Claims. Accordingly, the holders of Securities Claims will not receive or retain any rights, property, or distributions on account of their Securities Claims under the Plan.

**3.04. Class 4—Equity Interests.** Class 4 consists of all Equity Interests.

**a. Impairment and Voting.** Class 4 is impaired by the Plan. All holders of Equity Interests are deemed to reject the Plan and will not be solicited to vote on the Plan.

**b. Treatment.** As of the Effective Date, all Equity Interests will not have any positive value based on the Effective Date balance sheet included in the Disclosure Statement. Although the holders of Equity Interests will nominally be the members of Reorganized RB, those membership interests are intended and expected to have negative value. Accordingly, the holders of Equity Interests will not receive or retain any rights, property, or distributions of any value on account of their Equity Interests under the Plan.

**ARTICLE 4.**
**IMPLEMENTATION**

**4.01. Plan Funding.** Funds needed to make Cash payments on and after the Effective Date on account of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Claims under the Plan (after taking into account agreements by holders of such Claims for post-Effective Date payments) will come from Cash on hand and from Cash Reorganized RB generates from its assets.

**4.02. Reorganized RB.** On the Effective Date, all assets of the Estate (including the Cash required for payments to be made under the Plan to certain holders of Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Priority Claims) will vest in Reorganized RB.

**a. Name.** As of the Effective Date, Reorganized RB will be named "RB Liquidation, LLC."

**b. Structure.** The members of the Debtor immediately before the Effective Date will be the members of Reorganized RB from and after the Effective Date. Reorganized RB will be a manager-managed limited liability company under the laws of the State of Arizona, governed by the Reorganized RB Operating Agreement. The Reorganized RB Manager will exercise all authority for Reorganized RB and no member of Reorganized RB will be authorized to take any action or make any decision pertaining

to the assets, financial affairs, or management of Reorganized RB. Without the specific written consent and authorization from the Reorganized RB Manager, Reorganized RB may not be dissolved, may not make an assignment for the benefit of creditors, may not voluntarily commence a bankruptcy proceeding, and may not consent to the entry of an order for relief under the Bankruptcy Code. No shareholder of Reorganized RB Manager will have any individual fiduciary or other duty to Reorganized RB or any Participant or any other Creditor by virtue of his status as a shareholder of Reorganized RB Manager.

**c. Reorganized RB Manager.** As of the Effective Date, Reorganized RB Manager will be formed, with Visnu Patel as its President, and will begin serving as manager of Reorganized RB under the Reorganized RB Operating Agreement. Reorganized RB Manager:

(i) will be governed in all respects by the Reorganized RB Operating Agreement;

(ii) may appoint, as necessary in the future, the individual to serve as a member of the board of ML Manager, LLC (an Arizona limited liability company), the board of which comprises five members, with one member being appointed by the Debtor or its successor;

(iii) must make distributions from Reorganized RB to Participants strictly in accordance with the Reorganized RB Operating Agreement and the Plan;

(iv) must use its reasonable best efforts to maximize the value and liquidate into Cash all Reorganized RB's non-Cash assets, make timely distributions to Participants, and not unduly prolong the existence of Reorganized RB, which must wind down and dissolve after liquidating all its assets and distributing all Cash proceeds of that liquidation in accordance with the Reorganized RB Operating Agreement;

(v) will not be compensated;

(vi) must control and manage Reorganized RB's assets, including: (A) selling assets and collecting proceeds; (B) filing, prosecuting, and settling claim objections; (C) prosecuting and settling Avoidance Actions and Litigation Claims; and (D) making distributions to Participants and other Creditors in accordance with the Plan;

(vii) may retain any Professional deemed necessary in its discretion to assist in the administration of Claims and assets, prosecution of Avoidance Actions and Litigation Claims, and as otherwise needed to carry out Reorganized RB's business, with any such Professionals to be paid either from available Cash or on other terms to which Reorganized RB and the Professional agree;

(viii) subject to applicable law, will not be liable for any act or omission, except to the extent that the act or omission is determined by a court of competent jurisdiction to be the result of gross negligence, fraud, or willful misconduct. This limitation on liability applies equally to the agents, employees, and Professionals acting on Reorganized RB's behalf. No shareholder of Reorganized RB Manager will be personally liable with respect to any liabilities or obligations of the Debtor or Reorganized RB or any liabilities or obligations relating to Reorganized RB's assets. All Persons dealing with Reorganized RB will be required to look solely to Reorganized RB's assets for the enforcement of any claims against Reorganized RB.

**d. Purposes.** Reorganized RB will operate, and its assets may be used, solely for the purposes of: (i) investigating, enforcing, abandoning, prosecuting and resolving (by litigation, settlement, or otherwise) the Avoidance Actions, the Litigation Claims, and all Disputed Claims; (ii) collecting on or liquidating all

its non-Cash assets; (iii) distributing all Cash to the holders of Allowed Claims; and (iv) after all non-Cash assets are liquidated and all Cash is distributed, winding down and dissolving.

**e. Disputed Claims.** Reorganized RB must manage distributions from proceeds of its assets so as to reserve sufficient Cash to make appropriate distribution on account of any Disputed Unsecured Claim as if that Disputed Unsecured Claim were an Allowed Unsecured Claim on the Effective Date in the Maximum Amount. If and when any Disputed Unsecured Claim becomes an Allowed Unsecured Claim, Cash proceeds of Reorganized RB's assets sufficient to make appropriate distribution to the holder that Claim will be made from such reserves. If a Disputed Unsecured Claim becomes a Disallowed Unsecured Claim, all reserved distributions attributable to the holder of that Disputed Unsecured Claim will become available for Pro Rata distribution to all holders of Allowed Unsecured Claims.

**f. Section 1145 Exemption.** In accordance with Bankruptcy Code § 1145, the issuance under the Plan of the beneficial interests in Reorganized RB is exempt from the registration requirements of Section 5 of the Securities Act and any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker dealer in such securities and is deemed to be a public offer of such securities.

**g. Exchange Act Exemption.** Because the membership interests in Reorganized RB are to be held by five individuals under the Plan and the Reorganized RB Operating Agreement, the Trustee intends, and Reorganized RB will make all reasonable efforts to ensure, that Reorganized RB is not required at any time to register under the Exchange Act or file periodic reports with the SEC.

**h. Restrictions.** The membership interests in Reorganized RB may not at any time be sold for value, and may only be transferred to another Participant in accordance with the Reorganized RB Operating Agreement. At no time may the number of members in Reorganized RB exceed five.

**4.03. Cancellation of Instruments and Agreements.** On the Effective Date, all agreements, instruments, and other documents relating to any Equity Interests will automatically terminate such that all obligations under all such agreements, instruments, and other documents will be deemed fully and finally waived, released, canceled, extinguished, and discharged.

**4.04. Effectiveness of Instruments and Agreements.** On the Effective Date, all instruments, agreements, and documents issued, entered into, delivered, or filed under the Plan will be deemed to be effective, binding, and enforceable in accordance with their respective terms.

**4.05. No Corporate Action Required**. As of the Effective Date: (a) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements related to or contemplated by the Plan; and (b) the other matters provided for under, or in furtherance of, the Plan involving corporate action required of the Debtor, will be deemed to have occurred and become effective as provided in the Plan, and will be deemed authorized and approved in all respects without further order of the Bankruptcy Court or any further action by the Trustee or the Debtor's members or managers.

## ARTICLE 5.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.01. Rejection of Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases to which the Debtor is a party will be deemed rejected as of the Effective Date, except for any executory contract or unexpired lease that has been rejected in accordance with a Final Order entered on or before the Confirmation Date.

**5.02. Approval of Rejection.** Entry of the Confirmation Order constitutes the approval under Bankruptcy Code § 365 of the rejection of the executory contracts and unexpired leases rejected under the Plan or otherwise during the Chapter 11 Case.

**5.03. Rejection Claims Bar Date.** All Claims arising from the rejection of any executory contract or unexpired lease under the Plan are required to be filed with the Bankruptcy Court no later than 30 days after the Confirmation Date. Any such Claim not filed within that time will be forever barred. Any such Claim is a Class 2 Claim under the Plan. With respect to any executory contract or unexpired lease rejected by the Debtor before the Confirmation Date, the deadline for filing a Claim arising from the rejection remains the deadline set forth in the order of the Bankruptcy Court authorizing that rejection. If such an order did not contain such a deadline, the deadline for filing such a Claim is 30 days after the Confirmation Date.

**5.04. Indemnification Obligations.** Any obligation of the Debtor to indemnify any Person serving as a fiduciary of any employee benefit plan or employee benefit program of the Debtor, under charter, by-laws, contract, or applicable state law is deemed to be an executory contract and rejected as of the Confirmation Date (but subject to the occurrence of the Effective Date). Any obligation of the Debtor to indemnify, reimburse, or limit the liability of any Person, including but not limited to any officer or director of the Debtor, or any agent, professional, financial advisor, or underwriter of any securities issued by the Debtor related to any acts or omissions occurring before the Petition Date is rejected and canceled under the Plan as of the Confirmation Date (but subject to the occurrence of the Effective Date). Any Claim resulting from these rejections in favor of any Person must be filed no later than 30 days after the Confirmation Date. Notwithstanding any of the foregoing, nothing contained in the Plan affects the rights of any Person covered by any applicable D&O Policy with respect to any such policy.

**5.05. Obligations Pertaining to Pass-Through Investments.** Any obligation of the Debtor to provide services to a holder of a Pass-Through Investment as an agent, intermediary, designee, or other nominal representative of such holder is deemed to be an executory contract and rejected as of the Confirmation Date (but subject to the occurrence of the Effective Date). The Debtor will exert reasonable efforts to ensure that distributions from ML Manager, LLC to the holder of a Pass-Through Investment are made directly to such holder rather than to the Debtor.

## ARTICLE 6.
## CONFIRMATION WITHOUT ACCEPTANCE FROM ALL IMPAIRED CLASSES

**6.01. Impaired Classes.** Class 2 is impaired under the Plan and entitled to vote to accept or reject the Plan. Class 1 is unimpaired under the Plan and is deemed to have accepted the Plan without voting. Classes 3 and 4 receive no distribution under the Plan and are deemed to have rejected the Plan without voting.

**6.02. Use of § 1129(b).** Because Classes 3 and 4 are impaired under Bankruptcy Code § 1124 and deemed to have rejected the Plan under Bankruptcy Code § 1126, the Trustee intends to use the provisions of Bankruptcy Code § 1129(b) to satisfy the requirements for Confirmation of the Plan.

## ARTICLE 7.
## DETERMINATION OF CLAIMS

**7.01. Objections to Claims.** Notwithstanding the occurrence of the Effective Date, and except as to any Claim that has been Allowed before the Effective Date, Reorganized RB may object to the allowance of any Claim against the Debtor or seek estimation of any Claim on any grounds permitted by the Bankruptcy Code. All objections to Claims must be brought by filing the appropriate pleading in the

Bankruptcy Court before the first Business Day that is 180 days after the Effective Date, but the Bankruptcy Court may approve a later date on Reorganized RB's motion filed (but not necessarily heard) before the first Business Day that is 180 days after the Effective Date.

**7.02. Distributions on Allowance or Disallowance of Disputed Claims.** No distributions will be made to any holder of a Claim unless and until the Claim becomes an Allowed Claim. If a Claim is not an Allowed Claim as of the Effective Date, distributions on account of that Claim will commence only when the Claim becomes an Allowed Claim after the Effective Date or as otherwise specifically provided in the Plan. If a Disputed Claim becomes an Allowed Claim, Reorganized RB will make a distribution in accordance with the terms of the Plan applicable to Claims of the Class in which that Claim resides.

**7.03. Contingent Claims.** Until a Contingent Claim becomes an Allowed Claim or is Disallowed, the Claim will be treated as a Disputed Claim for all purposes under the Plan. The holder of a Contingent Claim will be entitled to a distribution under the Plan only when the Contingent Claim becomes an Allowed Claim. Any Contingent Claim for reimbursement or contribution held by a Person that may be liable with the Debtor on a Claim of a Creditor is Disallowed as of the Effective Date if: (a) that Creditor's Claim is Disallowed; (b) the Claim for reimbursement or contribution is contingent as of the Effective Date; or (c) that Person asserts a right of subrogation to the rights of the Creditor under Bankruptcy Code § 509.

## ARTICLE 8.
## AVOIDANCE ACTIONS, LITIGATION CLAIMS

**8.01. Retention and Reservation.** All Avoidance Actions and Litigation Claims are retained and reserved for Reorganized RB, which is designated as the Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Avoidance Actions and Litigation Claims.

**8.02. Prosecution.** Reorganized RB will have the authority to prosecute, defend, compromise, settle, and otherwise deal with any Avoidance Actions and Litigation Claims, and will do so in its capacity as a representative of the Estate in accordance with Bankruptcy Code § 1123(b)(3)(B). Reorganized RB will pay the fees and costs associated with litigating the Avoidance Actions and the Litigation Claims. Reorganized RB will have sole discretion to determine in its business judgment which Avoidance Actions and Litigation Claims to pursue, which to settle, and the terms and conditions of those settlements.

**8.03. Settlement and Release of Avoidance Actions Against Participants.** All Avoidance Actions held by the Estate against any Participant other than an RB Insider are settled and released as of the Effective Date. All Avoidance Actions or Litigation Claims against an RB Insider are retained and reserved for Reorganized RB.

## ARTICLE 9.
## CONDITIONS PRECEDENT

**9.01. Conditions to Confirmation.** The following are conditions precedent to confirmation of the Plan:

    **a. Approval of Disclosure Statement.** The Bankruptcy Court enters a Final Order approving the Disclosure Statement.

    **b. Form of Confirmation Order.** The Bankruptcy Court enters the Confirmation Order in form and substance reasonably acceptable to the Trustee. If the Trustee is unable to reach an agreement with any party regarding the form and substance of the Confirmation Order, the Bankruptcy Court will resolve all such disputes.

**c. Substance of Confirmation Order.** The Confirmation Order contains the following:

(i) The provisions of the Confirmation Order are non-severable and mutually dependent;

(ii) Approval of the Plan's rejection of all executory contracts and unexpired leases;

(iii) Approval of Reorganized RB Operating Agreement;

(iv) The Debtor is released and discharged from all obligations arising under all executory contracts and unexpired leases rejected during the Chapter 11 Case or under the Plan;

(v) In accordance with Bankruptcy Code § 1123(b)(3)(B), Reorganized RB is appointed as the representative and agent of the Estate to prosecute, compromise, or abandon any Avoidance Actions and Litigation Claims in accordance with the Plan; and

(vi) Retention of jurisdiction of the Bankruptcy Court to the fullest extent permissible by applicable law, and at least to the extent contemplated by Article 11 of the Plan.

**9.02. Conditions to Effectiveness.** The following are conditions precedent to the Effective Date:

**a.** The Confirmation Date occurs;

**b.** No request for revocation of the Confirmation Order under Bankruptcy Code § 1144 is pending; and

**c.** The Reorganized RB Operating Agreement and all other instruments and agreements to be issued, entered into, delivered, or filed under the Plan are issued, entered into, delivered, or filed and are effective.

**9.03. Waiver of Conditions.** The Trustee may waive any condition to confirmation or the Effective Date, in whole or in part, at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to confirmation and consummation of the Plan.

## ARTICLE 10.
## TITLE TO PROPERTY; THIRD PARTY RIGHTS AND RELEASES

**10.01. Vesting of Assets.** Except as provided in the Plan or the Confirmation Order, all property of the Estate will vest in Reorganized RB on the Effective Date free and clear of all Liens and Claims existing before the Effective Date. From and after the Effective Date, Reorganized RB may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, including the employment of, and payment to, Professionals except as otherwise provided in the Plan or the Confirmation Order. Any interest in any Pass-Through Investment nominally held in the Debtor's name is not property of the Estate and remains the property of the holder of the Pass-Through Investment as indicated on Exhibit C to the Plan.

**10.02. Injunction.** Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, all entities that have held, currently hold, or may hold a Claim or other debt or liability that is unclassified by the Plan or that is classified by Article 3 of the Plan or that is subject to a distribution under the Plan, or an Equity Interest or other right of an equity security holder that is subject to a distribution under the Plan are permanently enjoined from taking any of the following actions on account of any such Claims, debts, liabilities, or Equity Interests or rights: (a) commencing or continuing in any

manner any action or other proceeding against any property to be distributed under the Plan; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against any property to be distributed under the Plan; (c) creating, perfecting, or enforcing any Lien or encumbrance against any property to be distributed under the Plan; and (d) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code. Nothing in this Section 10.02 or elsewhere in the Plan is to be construed or is to have the effect of extinguishing, prohibiting, or otherwise limiting, the right of any holder of a Claim to assert a right to setoff or recoupment arising in connection with that Claim as part of the resolution and treatment of that Claim under the Plan. Nothing in this Section 10.02 or elsewhere in the Plan is to be construed or is to have the effect of extinguishing, prohibiting, or otherwise limiting, the right of the Estate (through Reorganized RB as its representative or otherwise) or Reorganized RB to assert and prevail on any Avoidance Action or Litigation Claim. Nothing in this Section 10.02 or elsewhere in the Plan enjoins or otherwise precludes (or may be construed to enjoin or otherwise preclude) any party in interest from enforcing the terms of the Plan and the Confirmation Order.

**10.03. Exculpation.** None of the Debtor, the Trustee, Reorganized RB, any Committee, or any of their respective members, officers, directors, trustees, employees, advisors, professionals, or agents (other than those Persons identified as a possible defendant on Exhibit B) have or will incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and, in all respects, the Debtor, the Trustee, Reorganized RB, any Committee, and each of their respective members, officers, directors, trustees, employees, advisors, professionals, and agents (other than those Persons identified as a possible defendant on Exhibit B) are entitled to rely on the advice of counsel with respect to their duties and responsibilities under the Plan.

**10.04. Preservation of Insurance.** The discharge and release from Claims as provided in the Plan, except as necessary to be consistent with the Plan, do not diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtor or any other Person.

# ARTICLE 11.
# RETENTION OF JURISDICTION

**11.01. Jurisdiction.** Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain as much jurisdiction over the Chapter 11 Case after the Effective Date as legally permissible, including jurisdiction to:

**a.** Allow, disallow, determine, liquidate, classify, estimate, or establish the amount, priority, or secured or unsecured status of any Claim, and resolve any request for payment of any Administrative Claim and any objection to the Allowance or priority of any Claim;

**b.** Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan;

**c.** Resolve any matters related to the rejection of any executory contract or unexpired lease to which the Debtor is a party and to hear, determine and, if necessary, liquidate any Claims arising from such rejection;

**d.** Ensure that distributions required under the Plan are accomplished in accordance with the Plan;

**e.** Decide or resolve any motions, adversary proceedings, contested matters, and any other matters and grant or deny any applications or motions involving the Debtor that may be pending on the Effective Date;

**f.** Enter any necessary or appropriate orders to implement or consummate the Plan's provisions and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

**g.** Resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan, or any Person's obligations incurred in connection with the Plan;

**h.** Hear and determine any motion or application to modify the Plan before or after the Effective Date under Bankruptcy Code § 1127 or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document issued, entered into, filed, or delivered in connection with the Plan or the Disclosure Statement; or hear or determine any motion or application to remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document issued, entered into, filed or delivered in connection with the Plan or the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

**i.** Issue injunctions, enter and implement other orders, or take any other necessary or appropriate actions to restrain any entity's interference with consummation or enforcement of the Plan;

**j.** Enter and implement any necessary or appropriate orders if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

**k.** Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document issued, entered into, filed, or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order;

**l.** Issue a final decree and enter an order closing the Chapter 11 Case; and

**m.** Adjudicate the Disputed Claims, the Avoidance Actions, and the Litigation Claims and any other cause of action or claims of the Estate.

## ARTICLE 12.
## AMENDMENT AND WITHDRAWAL OF PLAN

**12.01. Amendment of Plan.** At any time before the Confirmation Date, the Trustee may alter, amend, or modify the Plan under Bankruptcy Code § 1127(a) as long as doing so does not materially and adversely affect the treatment and rights of the holders of Claims and Equity Interests under the Plan. After the Confirmation Date but before substantial consummation of the Plan as defined in Bankruptcy Code § 1101(2), the Trustee or Reorganized RB may, under Bankruptcy Code § 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any matters necessary to carry out the purposes and effects of the Plan as long as such proceedings do not materially and adversely affect the treatment of holders of Claims or Equity Interests under the Plan. The Trustee or Reorganized RB must serve prior notice of such proceedings in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

**12.02. Revocation or Withdrawal of Plan.** The Trustee reserves the right to revoke or withdraw the Plan at any time before the Confirmation Date. If withdrawn or revoked, the Plan is void and nothing contained in the Plan may be deemed a waiver of any Claims by or against the Debtor or any other Person in any further proceedings involving the Debtor or an admission of any sort, and the Plan and any transaction contemplated by the Plan may not be admitted into evidence in any proceeding.

## ARTICLE 13.
## MISCELLANEOUS

**13.01. Effecting Documents; Further Transactions; Timing.** The Trustee, Reorganized RB, and all parties to Reorganized RB Operating Agreement are authorized and directed as of the Effective Date, and without further order of the Bankruptcy Court, to execute, deliver, file, or record all contracts, instruments, releases, and other agreements or documents, and to take all actions necessary or appropriate to effect and further evidence the terms of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan are deemed to have occurred simultaneously.

**13.02. Exemption From Transfer Taxes.** Under Bankruptcy Code § 1146(a): (a) the issuance, distribution, transfer, and exchange of assets or property of the Estate; (b) the execution, assignment, modification, or recording of any lease or sublease; and (c) the execution, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, the Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to, the foregoing are not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, or real estate transfer tax, or other similar tax or governmental assessment and the appropriate state or local government officials or agents are directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**13.03. Binding Effect.** The Plan is binding on, and inures to the benefit of, the Debtor and the holders of all Claims and Equity Interests and their respective successors and assigns.

**13.04. Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any document entered into in connection with the Plan, the rights, duties and obligations of any Person arising under the Plan are governed by, and construed and enforced in accordance with, the internal laws of the State of Arizona, without giving effect to Arizona's choice of law provisions.

**13.05. Modification of Treatment of Claims.** Reorganized RB reserves the right to modify the treatment of any Allowed Claim in any manner adverse only to the holder of that Claim at any time after the Effective Date on that holder's prior written consent.

**13.06. Setoffs and Recoupment.** The Trustee and Reorganized RB may, but are not required to, set off or recoup against any Claim or Equity Interest and the payments or other distributions to be made under the Plan in respect of such Claim, Claims of any nature that arose before the Petition Date that the Estate may have against the holder of such Claim or Equity Interest to the extent such Claims may be set off or recouped under applicable law, but neither the failure to do so nor the fact of any Claim or Equity Interest under the Plan becoming Allowed constitutes a waiver or release by the Estate or Reorganized RB of any such claim that it may have against such holder.

**13.07. Notices.** Any notice required or permitted to be provided under the Plan must be in writing and served by certified return-receipt-requested U.S. mail, hand delivery, overnight courier, or read-receipt-enabled e-mail to:

|                    |                                              |
|--------------------|----------------------------------------------|
| To the Trustee:    | G. Grant Lyon, Chapter 11 Trustee            |
|                    | Two North Central Avenue                     |
|                    | Suite 720                                    |
|                    | Phoenix, AZ 85004                            |
|                    | E-mail:   glyon@odycap.com                   |
| Copy to:           | Squire, Sanders & Dempsey, L.L.P.            |
|                    | 40 North Central Avenue, Suite 2700          |
|                    | Phoenix, Arizona 85004                       |
|                    | Attn:      Jordan A. Kroop, Esq.             |
|                    | E-mail:   jkroop@ssd.com                     |
| To Reorganized RB: | c/o Richard Lorenzen, Esq.                   |
|                    | Perkins Coie                                 |
|                    | 2901 North Central Ave.                      |
|                    | Phoenix, AZ  85012                           |
|                    | E-mail:   rlorenzen@perkinscoie.com          |

**13.08. Delivery of Notices.** If personally delivered, notice is deemed delivered on actual receipt; if e-mailed in accordance with the Plan, notice is deemed delivered noon of the first Business Day following transmission; if sent by overnight courier in accordance with the Plan, notice is deemed delivered noon of the first Business Day following deposit with such courier; and if sent by U.S. mail in accordance with the Plan, notice is deemed delivered as of the date of delivery indicated on the receipt issued by the relevant postal service; or, if the addressee fails or refuses to accept delivery, as of the date of that failure or refusal. Any party to the Plan may change its address for the purposes of the Plan by giving notice of the change.

**13.09. Termination of Committee and Trustee's Appointment.** The Committee and the Trustee's appointment terminate on the Effective Date and neither the Committee nor the Trustee have any further authority or duties in respect of the Chapter 11 Case after the Effective Date, except with respect to preparing, reviewing, filing, and objecting to, Professionals' applications for compensation and reimbursement of expenses.

**13.10. Severability.** If the Bankruptcy Court finds the Plan or any provision of the Plan to be invalid, illegal or unenforceable, or if the Bankruptcy Court cannot confirm the Plan under Bankruptcy Code § 1129, the Bankruptcy Court, at the Trustee's request, may retain the power to alter and interpret the Plan or any such provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the provision held to be invalid or unenforceable, and such provision will then become applicable as altered or interpreted. The Confirmation Order constitutes a judicial determination and provides that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable.

**13.11. Plan Documents.** Notwithstanding anything to the contrary contained in the Plan, including any reference in the Plan to documents in the forms annexed to the Plan as exhibits, the Trustee may revise any such document by filing the revised document with the Bankruptcy Court at least five days before the deadline for voting on the Plan, or with the written consent of all parties in interest that are entitled to vote on the Plan and are materially and adversely affected by the revision.

**13.12. Inconsistency.** If any inconsistency between the Plan and the Disclosure Statement exists, the Plan governs. If any inconsistency between the Plan and any document promulgated under the Plan exists, the document governs.

**13.13. Subordination.** The distributions under the Plan take into account the relative priority of each Claim in connection with any contractual subordination provisions relating to such Claim. Accordingly, distributions under the Plan are not and may not be subject to levy, garnishment, attachment, or other legal process by any holder of a Claim or Equity Interest purporting to be entitled to the benefits of such contractual subordination, and all such holders are deemed to have waived all contractual subordination rights they otherwise may have had.

**13.14. Withholding and Reporting Requirements.** In connection with the Plan and all instruments issued in connection with the Plan, the Trustee or Reorganized RB, as the case may be, must comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all distributions under the Plan remain subject to any such withholding and reporting requirements. The Trustee and Reorganized RB, as the case may be, may take all actions necessary to comply with such withholding and reporting requirements. Notwithstanding any other provision of the Plan, each holder of an Allowed Claim that has received a distribution under the Plan has sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding, and other tax obligation on account of such distribution.

**13.15. Post-Effective Date Fees; Final Decree.** Reorganized RB will be responsible for paying any post-Effective Date fees under 28 U.S.C. § 1930(a)(6) and filing post-confirmation reports until the Bankruptcy Court enters a final decree, which will be as soon as practicable after distributions under the Plan have commenced. Notice of application for a final decree need be given only to those holders of Claims and Equity Interests and other parties that, after the Effective Date, specifically request such notice.

**13.16. De Minimis Distributions.** No distributions of less than $10 will be made on account of any Claim. If the holder of an Allowed Claim does not receive a distribution owing to the provisions of this Section 13.16 on the Effective Date or any subsequent date, the Allowed Claim remains eligible for distributions on the first date set for distributions when such distribution exceeds $10.

**13.17. Method of Payment; Payments, Filings, and Notices Only on Business Days.** Payments of Cash under the Plan must be made by check drawn on a domestic bank or by wire transfer from a domestic bank. Whenever any payment, distribution, filing, delivery, or notice to be made under the Plan is due on a day other than a Business Day, such payment, distribution, filing, delivery, or notice may instead be made, without interest or penalty, on the immediately following Business Day.

**13.18. Delivery of Distributions; Undeliverable Distributions.** Distributions to a holder of an Allowed Claim will be made: (a) to the address set forth on the holder's proof of claim, the Schedules, or, if no proof of claim is filed and the holder does not appear on the Schedules, the holder's last known address; or (b) to the address set forth in any written notice of address change delivered to the Trustee or Reorganized RB. If any holder's distribution is returned as undeliverable, no further distributions to that holder will be made unless and until Reorganized RB is notified of the holder's then-current address. Claims held by a holder whose distributions are returned as undeliverable and who fails to notify Reorganized RB of its correct address within 90 days after the distributions are returned to Reorganized RB as undeliverable will be expunged, after which all unclaimed property will revert to Reorganized RB free of any restrictions. Claims in respect of void checks and the underlying distributions are forever barred against the Debtor, Reorganized RB, or their respective property, notwithstanding any federal or

state escheat laws to the contrary. Nothing contained in the Plan requires the Trustee or Reorganized RB to attempt to locate any holder of an Allowed Claim.

**13.19. Failure to Negotiate Checks.** Checks issued in respect of distributions under the Plan are void if not negotiated within 120 days after issuance. Any amounts returned to Reorganized RB in respect of a non-negotiated check will be held by Reorganized RB. Requests for reissuance of any such check must be made directly to Reorganized RB by the holder of the Allowed Claim with respect to which such check originally was issued. All amounts represented by any voided check will be held until the later of six months after the Effective Date and six months after the voided check was issued, and all requests for reissuance by the holder of the Allowed Claim in respect of the voided check must be made before that date. Thereafter, all such amounts revest in Reorganized RB free of any restriction. All Claims in respect of void checks and the underlying distributions are forever barred against the Debtor, Reorganized RB, or their respective property, notwithstanding any federal or state escheat laws to the contrary.

Dated:  October 19, 2009

**G. GRANT LYON, Chapter 11 Trustee of RADICAL BUNNY, LLC**

_____/s/ G. Grant Lyon_____

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: _____/s/ Jordan A. Kroop_____
      Thomas J. Salerno
      Jordan A. Kroop
Two Renaissance Square, Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004

Counsel for Chapter 11 Trustee

**Exhibit A**

**Reorganized RB Operating Agreement**

[To Come]

**Exhibit B**

**Avoidance Actions and Litigation Claims**

[To Come]

**Exhibit C**

**Pass-Through Investments**

| Pass-Through Investor | Mortgages Ltd. Loan | $ Amount |
|---|---|---|
| David A. Fieler | B861905 Tempe Land Co. LLC | 1,500,000.00 |
| Walder Family Trust | B861905 Tempe Land Co. LLC | 1,030.00 |
| Charles Findeisen | B861905 Tempe Land Co. LLC | 100,000.00 |
| Barbara Findeisen | B861905 Tempe Land Co. LLC | 100,000.00 |
| Grainger Family Rev. Trust | B861905 Tempe Land Co. LLC | 837,543.00 |
| Grainger Consulting, Inc. | B861905 Tempe Land Co. LLC | 37,849.00 |
| Grainger Family Trust | B861905 Tempe Land Co. LLC | 73,578.00 |
| Betty J. Perske Trust | B861905 Tempe Land Co. LLC | 100,000.00 |
| Anil Shah Living Trust | B83271 Panwebster Holdings LLC | 25,000.00 |
| Jyotsna Morjaria | B83271 Panwebster Holdings LLC | 25,000.00 |
| Ratnakala H. Patel | B83271 Panwebster Holdings LLC | 100,000.00 |
| Manish V. Purohit | B83271 Panwebster Holdings LLC | 25,000.00 |
| Nagesh H. Gidwani | B83271 Panwebster Holdings LLC | 100,000.00 |
| Sachin Kalarn | B83271 Panwebster Holdings LLC | 20,000.00 |
| Jayant S. Rajyaguri | B83271 Panwebster Holdings LLC | 13,000.00 |
| Harish Shah I/R/A | B83271 Panwebster Holdings LLC | 40,059.59 |