Thomas J. Salerno (AZ Bar No. 007492) tsalerno@ssd.com
Jordan A. Kroop (AZ Bar No. 018825) jkroop@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
Two Renaissance Squire, Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498
(602) 528-4000

Counsel to Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| RADICAL BUNNY, LLC, | Case No. 2:08-bk-13884-CGC |
| Debtor. | **MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURES** |

      G. Grant Lyon, the Chapter 11 Trustee for the Debtor, Radical Bunny, LLC, moves the Court for an order under, among others, Section 1125 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving: (a) the *Disclosure Statement In Support of Plan of Reorganization* (the "**Disclosure Statement**"), filed with this Court on October 16, 2009 contemporaneously and in connection with the *Plan of Reorganization* (the "**Plan**"); (b) notice and objection procedures for confirmation of the Plan under Bankruptcy Code § 1129; and (c) the form of ballot to be used, and procedures to be implemented, for the solicitation and tabulation of votes on the Plan. In support of this Motion, the Trustee relies on the entire record of this Chapter 11 case and the following points and authorities.

## BACKGROUND

**Jurisdiction and Venue**

      1.     The Debtor was the subject of an involuntary Chapter 7 bankruptcy petition filed in this Court on October 8, 2008. On October 20, 2008, the Debtor consented to the entry of an

order for relief, converting the bankruptcy case to a voluntary Chapter 11 case. On December 30, 2008, the Court entered an order appointing G. Grant Lyon as the Chapter 11 Trustee.

2.      This Court has jurisdiction over this Chapter 11 case (the "**Case**") under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      Radical Bunny is an Arizona limited liability company with its principal place of business in Phoenix, Arizona. Accordingly, venue of the Case is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**The Plan and Disclosure Statement**

4.      On October 19, 2009, the Trustee filed the Plan and the proposed related Disclosure Statement. In accordance with Bankruptcy Rule 3017(a), the Trustee requests that the Court schedule a hearing (the "**Disclosure Statement Hearing**") to consider approving the Disclosure Statement and the other relief requested in this Motion.

5.      The Plan proposes a simple reorganization of the Debtor under which the nearly 900 investors in the Debtor will obtain recovery on their claims over time by the reorganized Debtor's orderly management and liquidation of its assets, which comprise interests in various loans made by Mortgages Ltd. and a beneficial interest in a liquidating trust created under the plan of reorganization confirmed in Mortgages Ltd.'s own Chapter 11 case. The reorganized Debtor's operations and assets will be managed by a five-person board comprising five individual investors, four of whom serve on the Official Committee of Unsecured Creditors.

**RELIEF REQUESTED**

6.      By this Motion, under Bankruptcy Code §§ 1124, 1125, 1126, 1128, and 1129, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Rule 3018-2 of the Local Rules of Bankruptcy Procedure for the District of Arizona, the Trustee seeks an order approving: (a) the Disclosure Statement; (b) notice and objection procedures for confirmation of the Plan; and (c) the form of ballot to be used, and procedures to be implemented, for the solicitation and tabulation of votes on the Plan.

**Approval of the Disclosure Statement as Adequate under Bankruptcy Code § 1125**

7.    Under Bankruptcy Code § 1125, a plan proponent, such as the Trustee in this Case, must provide creditors and interest holders with "adequate information" regarding the proposed plan:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan …

11 U.S.C. § 1125(a)(1). Thus, the disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the plan.

8.    The Trustee submits that the Disclosure Statement contains ample information to warrant approval under Bankruptcy Code § 1125, including complete discussions of: (a) the features, terms, and provisions of the Plan; (b) significant events preceding the Case; (c) the operation of the Debtor's businesses and assets before and during the Case; (d) the methodology of making distributions to holders of allowed claims and the source of those distributions; (e) the disposition of all assets of the Debtor's estate for the benefit of creditors; (f) the nature and extent of likely claims against the estate; (g) risk factors affecting the Plan; (h) an analysis setting forth the estimated return that creditors will receive under the Plan; and (i) federal tax consequences of the Plan to the Debtor and creditors. Accordingly, the Trustee respectfully submits that the Disclosure Statement contains adequate information within the meaning of Bankruptcy Code § 1125 and should be approved.

**The Confirmation Hearing**

9.    Bankruptcy Rule 3017(c) requires the Court to fix the deadline for votes to accept or reject a plan and a date for the confirmation hearing. In accordance with this provision, and

because time will be needed to solicit votes on the Plan (as discussed below), the Trustee requests that a hearing on confirmation of the Plan (the "**Confirmation Hearing**") be scheduled for the week of January 4, 2010, which is approximately 45 days after the proposed Disclosure Statement Hearing, the anticipated date for the entry of an order approving the Disclosure Statement.

10.     The proposed date for the Confirmation Hearing complies with applicable Bankruptcy Rules, will permit parties in interest with ample time to consider any possible objections to confirmation (while making allowance for the year-end holidays), and will enable the Trustee to pursue consummation of the Plan without needless and costly delay.

**Procedures for Notice of the Confirmation Hearing**

11.     Bankruptcy Rule 2002(b) and (d) require not less than 25 days' notice by mail to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider, confirmation of a Chapter 11 plan.

12.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Trustee proposes to provide to all creditors and equity security holders a copy of the notice, substantially in the form attached to this Motion as *Exhibit B* (the "**Confirmation Hearing Notice**"), setting forth: (a) the Voting Deadline (as defined below) for the submission of ballots to accept or reject the Plan (the "**Ballots**"); (b) the time fixed for filing objections to confirmation of the Plan; and (c) the time, date, and place of the Confirmation Hearing. The notice will be sent contemporaneously with the Solicitation Packages (as defined below).

13.     The Trustee respectfully submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing, the Voting Deadline, and time fixed for filing objections to confirmation of the Plan and, accordingly, request that the Court approve such notice as adequate.

**Procedures for Objections to Confirmation**

14.     Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Confirmation Hearing Notice provides,

and the Trustee requests that the Court direct, that any objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of that party; (c) state with specificity the basis and nature of any objection or proposed modification to the Plan; and (d) be filed, together with proof of service, with the Court and served so that they are **received** on or before 5:00 p.m. Arizona Time on January 4, 2010 by (i) the Court (via ECF filing), (ii) counsel for the Trustee, and (iii) the U.S. Trustee, all at the addresses set forth in the Confirmation Hearing Notice. This deadline will allow the Court, the Trustee, and parties in interest sufficient time to consider objections and proposed modifications before the Confirmation Hearing.

15.     The Trustee respectfully submits that, if there are objections to confirmation, it will assist the Court and may expedite the Confirmation Hearing if the Trustee is permitted to file replies to any filed objections. Accordingly, the Trustee requests that he be authorized to file replies to any objections no later than 5:00 p.m. Arizona Time one day before the date set for the Confirmation Hearing.

**Solicitation Package**

16.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
> (1) the plan, or a court approved summary of the plan;
> (2) the disclosure statement approved by the court;
> (3) notice of the time within which acceptances and rejection of the plan may be filed; and
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

17.     After the Court has approved the proposed Disclosure Statement as containing adequate information under Bankruptcy Code § 1125, the Trustee proposes to mail packages (the "**Solicitation Packages**"), comprising the materials required to be provided to holders of claims under Bankruptcy Rule 3017(d). Specifically, the Trustee proposes to mail Solicitation Packages comprising: (a) a CD-ROM with electronic copies of (i) the order granting this Motion; (ii) the Confirmation Hearing Notice; and (iii) the Disclosure Statement (together with all exhibits, including the Plan, that have been filed with the Court before the date of the mailing); and (b) paper copies of the Ballots (described below).

18.     Except as described below, the Solicitation Packages will be mailed to: (a) all persons or entities that have filed proofs of claim on or before the date of mailing; (b) all persons or entities listed in the Debtor's schedules of liabilities; (c) any other known holders of claims against the Debtor; (d) any entity that has filed with the Court and served a notice of transfer of claim on or before the date of mailing; (e) all parties in interest that have filed a notice in accordance with Bankruptcy Rule 2002 in this Chapter 11 case on or before the date of mailing; (f) the Internal Revenue Service; and (g) the United States Trustee.

19.     With the Solicitation Packages, the Trustee proposes to provide creditors entitled to vote to accept or reject the Plan: (a) an appropriate form of Ballot and a return envelope; and (b) such other materials as the Court may direct. Consistent with Bankruptcy Code §§ 1126(f) and (g) and Bankruptcy Rule 3017(d), the Solicitation Packages sent to holders of claims against or equity interests in the Debtor within a class under the Plan that is deemed to accept or reject the Plan under Bankruptcy Code § 1126(f) or (g) will not include a Ballot.

20.     In order to achieve significant cost savings, the Trustee proposes that, in lieu of paper copies, all documents in the Solicitation Packages be digitally inscribed on one CD-ROM.

The Ballots, however, to be included in the mailing would be provided on paper to facilitate voting and mailing of the Ballots. A contents sheet will also be included with the CD-ROM describing the contents of the CD-ROM and advising recipients how they may obtain paper copies of the CD-ROM's contents. The Trustee believes that these procedures will greatly reduce the cost of producing and mailing Solicitation Packages to the many hundreds of recipients and save the estate tens of thousands of dollars, while still providing recipients with the ability to receive paper copies of any document contained on the CD-ROM. The use of CD-ROMs in this fashion has become increasingly more common in Chapter 11 cases in this District and throughout the country. (For example, CD-ROMs were successfully used in the similar Mortgages Ltd. bankruptcy case to solicit votes on that plan from hundreds of investors.) Accordingly, the Trustee respectfully requests that the Court approve the use of CD-ROMs in the fashion described above.

21.     The Trustee anticipates that a number of notices of the Disclosure Statement hearing will be returned by the U.S. Postal Service as undeliverable. The Trustee believes that it would be unduly costly and wasteful to mail Solicitation Packages to the same addresses to which undeliverable prior notices in this Case were mailed. Therefore, the Trustee seeks the Court's approval for a departure from the strict notice rule, excusing the Trustee from mailing Solicitation Packages to those entities listed at such addresses unless the Trustee is provided with accurate addresses for such entities before the hearing to approve the Disclosure Statement.

22.     The Trustee respectfully submits that the foregoing procedures regarding notice of the Confirmation Hearing and related matters comply with Bankruptcy Rules 2002 and 3017. Accordingly, the Trustee requests that such proposed notice be deemed adequate.

**Form of Ballot**

23.     Bankruptcy Rule 3017(d) requires the plan proponent to mail a form of ballot substantially conforming to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." The Trustee proposes to distribute Ballots to all creditors in Class 2. A Ballot specifically designed for use by creditors in Classes 2 under the Plan is attached to this

Motion as *Exhibit C* (the "**Ballot**"). The Ballot is based on Official Form No. 14, but has been slightly modified to address the particular aspects and issues relevant to this Case and the terms of the Plan and to include certain additional information that the Trustee believes to be appropriate for those creditors.

24. Creditors in Class 1 are unimpaired under the Plan and are deemed to have accepted the Plan without voting under Bankruptcy Code § 1126(f). Creditors in Classes 3 and 4 and equity holders in Class 8 are impaired under the Plan, will receive no distributions under the Plan, and are therefore deemed to have rejected the Plan without voting under Bankruptcy Code § 1126(g). Thus, solicitation of Classes 1, 3, and 4 is not required and will not be undertaken.

25. The Trustee respectfully submits that the Ballot is appropriate under Bankruptcy Rule 3017(d) and should be approved for use by holders of Claims in Class 2.

**Voting Deadline**

26. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court may fix a time within which the holders of claims or equity interests may accept or reject a plan. Based on the confirmation schedule proposed in this Motion, the Trustee proposes that, in order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to counsel for the Trustee by one of the following methods: (a) first-class mail, in the return envelope provided with the Solicitation Packages; (b) overnight courier; or (c) personal delivery; so that counsel for the Trustee **receives** the Ballots no later than 5:00 p.m. Arizona time on January 4, 2010 (the "**Voting Deadline**").

27. The Trustee respectfully submits that this solicitation period complies with all applicable Bankruptcy Rules and is a sufficient period within which creditors can make an informed decision to accept or reject the Plan.

**Procedures for Vote Tabulation**

28. Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in

> amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

29.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the Trustee's or the estate's rights in any other context, the Trustee proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the amount of such claim as set forth in the relevant proof of claim filed with the Court. The foregoing general procedure would be subject to the following exceptions:

a.     If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

b.     If the Trustee and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Court a stipulation memorializing such agreement by the Disclosure Statement hearing, such claim is temporarily allowed for voting purposes only in the stipulated amount;

c.     If a claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated, or disputed on its face, either in whole or in part, such claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

d.     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court; and

e.     If the Trustee or any other party has served an objection to a claim at least ten days before the Voting Deadline, such claim is temporarily disallowed for voting purposes

only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection.

30.     The Trustee proposes that: (a) any Ballot that is properly completed, executed, and timely returned but does not indicate an acceptance or rejection of the Plan be deemed to be a vote to accept the Plan; (b) whenever a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the creditor's intent and thus to supersede any prior Ballots; and (c) creditors be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and not be permitted to split their vote, and thus, a Ballot that partially rejects and partially accepts the Plan not be counted.

31.     The Trustee believes that the foregoing proposed procedures provide for a fair and equitable voting process.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests entry of the order, substantially in the form attached as *Exhibit A*, granting the relief requested in this Motion and any additional relief the Court deems appropriate.

Date October 19, 2009

SQUIRE, SANDERS & DEMPSEY L.L.P.

By:    */s/ Jordan A. Kroop*
            Thomas J. Salerno
            Jordan A. Kroop
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000

Counsel to Chapter 11 Trustee

# Exhibit A

# Proposed Order Approving Disclosure Statement

**-- PROPOSED --**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| In re | Chapter 11 |
| RADICAL BUNNY, LLC, | Case No. 2:08-bk-13884-CGC |
| Debtor. | **ORDER APPROVING DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURES** |

THIS MATTER is before the Court on the *Motion For Order Approving Disclosure Statement And Plan Confirmation Procedures* of G. Grant Lyon, the Chapter 11 Trustee in the above-captioned Chapter 11 case (the "**Trustee**"), dated October 19, 2009 (the "**Motion**"). After due consideration and cause appearing,

**THE COURT FINDS AND CONCLUDES that:**

1.      The Motion and relief requested in it constitute "core proceedings" in which this Court may enter final and dispositive orders under 28 U.S.C. §§ 1334 and 157(b)(2).

2.      Venue of this Chapter 11 case and these proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      On October 19, 2009, the Trustee filed the *Plan of Reorganization* (the "**Plan**") and the related *Disclosure Statement In Support of Plan of Reorganization* (the "**Disclosure Statement**").

4.      On November ____, 2009, the Court conducted a hearing (the "**Disclosure Statement Hearing**") to approve the Disclosure Statement and consider the relief requested in the Motion at which statements of counsel were heard.

5.      Notice of the Motion and the Disclosure Statement Hearing was adequate under the circumstances, and no additional notice of the Disclosure Statement Hearing or the Motion is required.

6.      The Disclosure Statement contains ample information to warrant approval under Bankruptcy Code § 1125 and should be approved.

7.      The forms of ballots attached to the Motion as *Exhibit C* (the "**Ballots**") (a) are consistent with Official Form No. 14, (b) adequately address the particular needs of this Chapter 11 case, (c) are appropriate for each class of claims entitled to vote to accept or reject the Plan and (d) comply with Bankruptcy Rule 3017(d).

8.      Ballots need not be provided to holders of Claims (as defined in the Plan) and Equity Interests (as defined in the Plan) in Classes 1, 3, and 4 (collectively, the "**Non-Voting Holders**") under the Plan because: (a) Class 1 is unimpaired and, therefore, conclusively presumed to accept the Plan in accordance with Bankruptcy Code § 1126(f), and (b) Classes 3 and 4 under the Plan neither retain nor receive any property under the Plan and, therefore, are deemed to reject the Plan in accordance with Bankruptcy Code § 1126(g).

9.      The period during which the Trustee may solicit votes to accept or reject the Plan, as established by this Order, provides a sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

10.     The contents of the Solicitation Packages (as defined below) and the procedures for providing notice of the Confirmation Hearing (as defined below) and the other matters set forth in the Confirmation Hearing Notice (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

11.     The procedures for notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") proposed in the Motion are appropriate, consistent with the Bankruptcy Code and the Bankruptcy Rules, and are in the best interests of the estate.

**THE COURT ORDERS that:**

1.     The Motion is GRANTED in its entirety. To the extent not otherwise resolved by this Order or withdrawn, any objections to the Disclosure Statement and the Motion are overruled.

2.     The Disclosure Statement, as modified, if at all, in accordance with any revisions announced in Court at the Disclosure Statement Hearing, is approved as containing "adequate information" under Bankruptcy Code § 1125.

3.     The date of this Order is the record date for the purpose of determining which Creditors are entitled to receive the Solicitation Packages and, where applicable, vote on the Plan (the "**Voting Record Date**"). After the Voting Record Date, the holders of Claims in Class 2 under the Plan may not transfer their rights, if any, to vote to accept or reject the Plan with respect to such Claims. No person will have any obligation to recognize for purposes of voting on the Plan any Claim transferred after the Voting Record Date.

4.     The Confirmation Hearing will be held on January____, 2010 at ____ __.m. Arizona Time. The Confirmation Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open Court.

5.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Trustee must provide to all creditors and equity security holders a copy of the notice, substantially in the form attached to the Motion as *Exhibit B* (the "**Confirmation Hearing Notice**"), setting forth: (a) the time fixed for filing objections to confirmation of the Plan; and (b) the time, date, and place of the Confirmation Hearing.

6.     Under Bankruptcy Rule 3020(b)(1), any objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of such party; (c) state with specificity the basis and nature of any

objection or proposed modification to the Plan; and (d) be filed, together with proof of service, with the Court (via the ECF system) and served so that they are **received** on or before 5:00 p.m. Arizona Time on January 4, 2010, by (i) the Court, (ii) counsel for the Trustee, and (iii) the U.S. Trustee, all at the addresses set forth in the Confirmation Hearing Notice. Objections not timely filed and served in the manner set forth above will not be considered and will be overruled and expunged.

7.     The Trustee may, but is not required to, file replies to any objections to confirmation no later than 5:00 p.m. Arizona Time on the date that is one day before the Confirmation Hearing.

8.     The foregoing procedures regarding notice of the Confirmation Hearing will be deemed to comply with Bankruptcy Rules 2002 and 3017 and will be deemed adequate.

9.     As soon as practicable, and in no event later than five business days after entry of this Order, the Trustee must mail or cause to be mailed packages (the "**Solicitation Packages**") containing a CD-ROM containing digital versions of: (a) this Order; (b) the Confirmation Hearing Notice; and (c) the Disclosure Statement (together with all exhibits, including the Plan, that have been filed with the Court before the date of the mailing). Except as described below, the Solicitation Packages must be mailed to: (i) all persons or entities that have filed proofs of claim on or before the date of mailing; (ii) all persons or entities listed in the Debtor's schedules of liabilities; (iii) all other known holders of claims against the Debtors, if any; (iv) any entity that has filed with the Court and served a notice of transfer of claim on or before the date of mailing; (v) all parties in interest that have filed a notice in accordance with Bankruptcy Rule 2002 in these cases on or before the date of mailing; (vi) the Internal Revenue Service; and (vii) the United States Trustee.

10.     With the Solicitation Packages, the Trustee must provide holders of Claims in Class 2 under the Plan the form of Ballot (in paper form) attached to the Motion (which is approved under Bankruptcy Rule 3017(d)) and a return envelope. Consistent with Bankruptcy Code §§ 1126(f) and (g) and Bankruptcy Rule 3017(d), Solicitation Packages for holders of

claims against or interests in the Debtors placed within a class under the Plan that is deemed to accept or reject the Plan under Bankruptcy Code § 1126(f) or (g) will not include a Ballot.

11.     If any prior notice in this case was returned by the U.S. Postal Service as undeliverable, the Trustee is excused from mailing Solicitation Packages to those entities listed at such addresses unless the Trustee was provided with accurate addresses for such entities before the Disclosure Statement Hearing.

12.     In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to counsel for the Trustee by one of the following methods: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight courier; or (c) personal delivery; so as to be **received** no later than 5:00 p.m. Arizona Time on January 4, 2010 (the "**Voting Deadline**").

13.     Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the Trustee's or the estate's rights in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the relevant proof of claim filed with the Court. The foregoing general procedure is subject to the following exceptions:

        a.      If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

        b.      If the Trustee and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Court a stipulation memorializing such agreement by the Disclosure Statement Hearing, such claim is temporarily allowed for voting purposes only in the stipulated amount;

        c.      If a claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated, or disputed on its face, either in whole or in part, such claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

d.      If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court;

e.      If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, unless the Trustee consents to a late filing of such claim in writing, such claim is disallowed for all purposes under the Plan, including voting and distribution;

f.      If any party has served an objection to a claim at least ten days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection.

14.     Any Ballot that is properly completed, executed, and timely returned but does not indicate an acceptance or rejection of the Plan will be deemed a vote to accept the Plan. Whenever a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline is to be deemed to reflect the creditor's intent and thus to supersede any prior Ballots. Creditors are required to vote all their claims within a particular class under the Plan either to accept or reject the Plan and are not permitted to split their vote. A Ballot that partially rejects and partially accepts the Plan will not be counted.

**SIGNED AND DATED ABOVE**

# Exhibit B

# Confirmation Hearing Notice

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| RADICAL BUNNY, LLC, | Case No. 2:08-bk-13884-CGC |
| Debtor. | **NOTICE OF PLAN CONFIRMATION HEARING** |

PLEASE NOTE that:

1. G. Grant Lyon, Chapter 11 Trustee for Radical Bunny, LLC, filed the *Plan of Reorganization* (the "Plan") and the *Disclosure Statement In Support of Plan of Reorganization* (the "Disclosure Statement") on October 19, 2009.

2. On November ___, 2009, the Court entered its *Order Approving Disclosure Statement and Plan Confirmation Procedures* (the "Disclosure Statement Order").

3. In accordance with the Disclosure Statement Order, a hearing to consider confirmation of the Plan will be held before the Honorable Charles G. Case, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Arizona (the "Court"), 203 N. First Avenue, Phoenix, Arizona 85004, on **January ____, 2010** at __:__ _.m. Arizona Time.

4. Copies of the Plan and the Disclosure Statement may be obtained from: (a) the Court via PACER; or (b) by contacting counsel for the Trustee referenced below.

5. Any responses or objections to confirmation of the Plan must: (a) be in writing; (b) identify the objecting party and its interest; (c) state, with particularity, the bases for the objection; (d) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court; (e) be filed with the Court (electronically by registered users of the Court's ECF system); and (f) be served on: (i) Squire, Sanders & Dempsey L.L.P., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Attn: Jordan A. Kroop, Esq., counsel for the Chapter 11 Trustee; and (ii) the Office of the United States Trustee for the District of Arizona, 203 N. First Avenue, Phoenix, Arizona 85004, Attn: Larry Watson, Esq.; so as to be received by the Court and the above-listed parties no later than **5:00 p.m. Arizona Time** on **January 4, 2010.**

Dated: November ___, 2009

SQUIRE, SANDERS & DEMPSEY L.L.P.
Thomas J. Salerno
Jordan A. Kroop
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
(602) 528-4000
Counsel to Chapter 11 Trustee

# Exhibit C

# Form of Ballot

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| In re RADICAL BUNNY, LLC, | Case No. 2:08-bk-13884-CGC |
|---|---|
| **Debtor.** | Chapter 11 |

### CLASS 2 BALLOT FOR ACCEPTING OR REJECTING
### PLAN OF REORGANIZATION

G. Grant Lyon, Chapter 11 Trustee, filed a plan of reorganization dated October 19, 2009 (the "Plan") for the Debtor in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from PACER or from Karen Graves at 602-528-4810. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 2 under the Plan.**

**If your ballot is not received by Jordan Kroop, Esq., Squire, Sanders & Dempsey L.L.P., 40 North Central Ave., Suite 2700, Phoenix, AZ 85004, Fax (602) 253-8129 on or before January 4, 2010, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Participant Claim or other Class 2 Claim against the Debtor **(exclusive of interest)** of $_____ :

(Check one box only)

☐ **Accept** Plan                            ☐ **Reject** Plan

Dated: _____

Claim Holder: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership): _____

Address: _____

_____

RETURN THIS BALLOT TO: Jordan A. Kroop, Esq.
Squire, Sanders & Dempsey L.L.P.
40 North Central Ave., Suite 2700
Phoenix, AZ 85004

## DRAFT BALLOT NOT FOR USE
## VOTING HAS NOT BEGUN