Thomas J. Salerno (AZ Bar No. 007492) tsalerno@ssd.com
Jordan A. Kroop (AZ Bar No. 018825) jkroop@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Telephone: (602) 528-4000
Counsel for the Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>RADICAL BUNNY, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 2:08-bk-13884-CGC<br><br>**CHAPTER 11 TRUSTEE'S OMNIBUS RESPONSE TO OBJECTIONS TO PROPOSED DISCLOSURE STATEMENT**<br><br>Date of Hearing: December 2, 2009<br>Time of Hearing: 10:00 a.m. |

G. Grant Lyon, the Chapter 11 Trustee for Radical Bunny, LLC, responds to the two filed objections to this Court's approval of the Trustee's proposed *Disclosure Statement in Support of Plan of Reorganization,* filed with the Court [DE #667] on October 16, 2009 (the "**Disclosure Statement**") with respect to the *Plan of Reorganization*, filed [DE #666] that same day (the "**Plan**"). The Trustee received two objections: (1) *Objection to Approval of Disclosure Statement By* [sic], filed by various individuals and entities affiliated with the members of the Debtor (the "**Insiders**" and the "**Insiders' Objection**"); and (2) *Limited Objection to Disclosure Statement,* filed by Cathy Baker, Kiang Kandel, and Steve Friedber [*sic*], the petitioning creditors who commenced this case by filing of an involuntary petition (together, the "**Petitioning Creditors**" and the "**Petitioning Creditors' Objection**"). The Trustee respectfully refers the Court to the revised *Disclosure Statement in Support of Plan of Reorganization,* filed contemporaneously with this Response (the "**Revised Disclosure Statement**").[1]

---

[1] The Revised Disclosure Statement also contains a substantially revised section regarding the tax implications of the Plan. No party raised any objections or concerns about the tax-related disclosures in the Disclosure Statement, but the Trustee revised the tax section in order to ensure it was as accurate as possible.

**Response to Petition Creditors' Objection**

The Petitioning Creditors' Objection appears to be, more than anything,[2] a reservation of the Petitioning Creditors' rights to assert a "substantial contribution" claim for certain expenses they alleged incurred in connection with the preparation and filing of the involuntary petition that began this case. To be clear, nothing in the Disclosure Statement or the Plan prevents or otherwise prejudges the filing or the allowance of any substantial contribution claim by any party, including the Petitioning Creditors. To address any lingering concern in that regard, the Trustee has included language in the Revised Disclosure Statement (at p. 10) that specifically addresses the possibility that the Petition Creditors may assert a substantial contribution claim. With that, the Trustee expects the Petitioning Creditors' Objection to be resolved.

**Response to Insiders' Objection**

The Insiders' Objection is far more detailed and raises several legal and factual positions with which the Trustee disagrees. With regard to the positions, opinions, and additional background discussion that the Insiders urge, the Trustee respectfully suggests that the Court authorize the Insiders to provide the Trustee with a written statement (the "**Insiders' Statement**") containing whatever the Insiders believe is appropriate so that the Trustee may include the Insiders' Statement, in its unedited entirety, along with the approved Disclosure Statement in the packet of materials sent to creditors to solicit votes on the Plan. The Insiders' Objection also raises certain legal issues that are plainly in the nature of objections to confirmation of the Plan and, therefore, premature at this point, since the Court has not yet set a confirmation hearing or a deadline for filing of confirmation objections. The Insiders may assert and prosecute their objections to confirmation of the Plan when those matters are ripe.

The Trustee has addressed all the disclosure-related concerns raised in the Insiders' Objection with changed or additional language in the Revised Disclosure Statement or with the

---

[2] The Trustee confesses some confusion about the intent of the Petition Creditors Objection insofar as it purports to "object to approval of the Disclosure Statement and the related Plan of Reorganization" but then concludes with a "request[ ] that the Court approve the Disclosure Statement but preserve the right of the Petition [*sic*] Creditors to file a motion for approval of certain fees and costs as administrative expenses under the substantial contribution standard of 11 USC §503(b)(3)." The Trustee does not intend to prevent the Petitioning Creditors from so moving.

filing of the appendices to the Disclosure Statement on November 24, 2009. For clarity's sake, the Trustee here responds to each of the issues raised in the Insiders' Objection, summarized in *italics* below:

1. *Creditors of Radical Bunny are called "investors" rather than Participants.* All references to "investors" in Radical Bunny have been changed in the Revised Disclosure Statement to "Participants."

2. *Use of the phrase "continued operations" is "misleading."* The phrase has been removed from page 1 of Revised Disclosure Statement.

3. *Liquidation analysis is not attached.* The Liquidation Analysis is a part of the appendices to the Disclosure Statement filed with the Court on November 24, 2009.

4. *Insiders will not voluntarily subordinate their Claims.* The Revised Disclosure Statement advises Creditors that the Insiders have refused to subordinate their Claims. The implications of that refusal are plainly stated in the Disclosure Statement and the Plan. If the Insiders believe that their refusal creates a legal impediment to confirmation of the Plan, that is a confirmation objection that may be asserted at the appropriate time.

5. *Plan discriminates against Insiders, who believe they have done nothing wrong.* This is both a plan confirmation objection and an opinion that the Insiders are free to include in the Insiders' Statement.

6. *The statement that the "Debtor strongly recommends" voting for the Plan is misleading.* The statement was a typographical error in the Disclosure Statement. The Revised Disclosure Statement, at page 5, now says that the Chapter 11 Trustee strongly recommends that Creditors vote in favor of the Plan.

7. *"Radical Bunny never solicited investments or participants."* If the Insiders believe the Trustee's characterization of the way Participants became Participants before this bankruptcy case began, the Insiders may include a discussion of their views in the Insiders' Statement. What is relevant to the Trustee and to the Plan is that Participants are Creditors. The Insiders evidently do not dispute that. In light of the SEC's securities law action against some of

the Insiders, it is understandable that the Insiders object strongly to the notion that they "solicited" "investments" from anyone. Those distinctions are important to the Insiders, not to the Trustee or to the Participants, who are indisputably Creditors no matter how they came to be.

8. *Background of the dispute regarding Radical Bunny's secured creditor status in the Mortgages Ltd. bankruptcy case is not sufficiently detailed.* The treatment of Radical Bunny's claims against Mortgages Ltd. and its assets is a matter of fact at this point, having been fixed in a confirmed plan of reorganization in the Mortgages Ltd. case months ago. The tortured history and countervailing legal arguments that led to the final recognition of Radical Bunny's rights under the Mortgages Ltd. plan are of academic interest only to Radical Bunny's creditors at this point. If, for reasons peculiar to them, the Insiders wish to rehearse that history and re-argue the legal arguments in the Insiders' Statement, they may do so.

9. *Trustee should list and evaluate Radical Bunny's potential causes of action.* The Revised Disclosure Statement contains more detail at page 9 regarding the potential causes of action, the potential defendants of those causes of action, and the nature of the possible claims to be asserted against them. The Trustee respectfully declines to engage in baseless speculation regarding the "anticipated benefit" and "anticipated cost" of pursuing those causes of action post-confirmation; no one has yet engaged in a serious evaluation of those potential causes of action. Those assets are more than adequately identified in the Revised Disclosure Statement.

10. *Radical Bunny did not use "offering memoranda."* The Trustee believes that the documents used to create and evidence the Participants' transactions with Radical Bunny can fairly be characterized as offering memoranda. That is a view shared by many, including nearly all the Participants with whom the Trustee or his professionals have spoken and including the SEC. To avoid confusion, additional language at page 9 of the Revised Disclosure Statement makes clear that this characterization is the Trustee's. If the Insiders disagree with that characterization (and it appears that they do), they may say so in the Insiders' Statement.

11. *Radical Bunny management was unaware of Mortgages Ltd.'s financial trouble before Scott Coles' death.* The Trustee has no idea at this point what the Insiders did or did not

know about Mortgages Ltd.'s financial condition at any time. If the Insiders wish to include a discussion of what they knew and when they knew it, they may do so in the Insiders' Statement.

12. *The listing of Radical Bunny's assets is "misleading."* If the Insiders believe there are other assets of which the Trustee is not aware, the Insiders may identify those assets in the Insiders' Statement.

13. *Government investigations of Radical Bunny and its principals did not begin before the Chapter 11 case began or before Scott Coles suicide.* The Trustee believes otherwise. The Revised Disclosure Statement, at page 10, now states that the stated timing and nature of the investigations is the Trustee's belief. If the Insiders have a different opinion on the matter, they may include a discussion of that opinion in the Insiders' Statement.

14. *References to a "potentially criminal investigation" of the Radical Bunny principals is baseless and inflammatory.* Pages 10 and 11 of the Revised Disclosure Statement omit any reference to potential criminal investigations of the Insiders.

15. *There is no basis to indicate the possibility of criminal prosecution of some of the Insiders.* Page 12 of the Revised Disclosure Statement now makes clear that the statement concerning possible future criminal prosecution is a statement of the Trustee's belief based on discussions had with federal and state authorities.

16. *The SEC action against the Insiders is not adequately described.* Since the Trustee has already entered into a consent decree with the SEC, effectively ending the SEC's action as against Radical Bunny, the Trustee does not believe the SEC action against the Insiders has direct relevance to Creditors' rights under the Plan. Nor does the Trustee regard it as important to assist Creditors in making "an informed judgment regarding the lack of success [*sic*] of the SEC's case." The Insiders may delve into the topic if they wish in the Insiders' Statement.

17. *Administrative Claims are not estimated.* The Revised Disclosure Statement contains estimates of all Administrative Claims at page 13.

18. *Radical Bunny has an indemnification claim that is not an executory contract.* Because the Plan is clear as to the rejection of any indemnification claim of this nature, this legal

argument is appropriately reserved for a confirmation objection. The Trustee, respectfully, does not believe additional disclosure is even possible in this regard.

19. *The Disclosure Statement does not provide a basis to equitably subordinate Insider Claims.* Page 16 of the Revised Disclosure Statement now includes further description of the Trustee's positions regarding the bases for equitable subordination. The Insiders' objections to those positions are appropriately raised in a confirmation objection or in connection with an adversary proceeding to equitably subordinate the Insiders' Claims if and when one is commenced.

20. *The Reorganized RB Operating Agreement is not attached.* The Trustee intends to file a draft operating agreement for Reorganized RB (an exhibit to the Plan) before the hearing on approval of the Disclosure Statement.

21. *The individual managers of Reorganized RB "may have a conflict of interest …"* The identities of the five managers of Reorganized RB are already disclosed in the Disclosure Statement. That is all that the Bankruptcy Code requires. If the Insiders believe one or more of those individuals is incapable of serving, that is a confirmation objection under Bankruptcy Code § 1129(a)(5)(A)(ii).

22. *Indemnity claims are administrative expenses that should be "considered."* As stated above, the Plan and Disclosure Statement are clear as to how the indemnification claims are to be treated. If the Insiders believe the treatment is inappropriate under the Bankruptcy Code, that is a confirmation objection that should be raised in connection with Plan confirmation.

23. *Risk factor regarding Tom Hirsch's future legal challenges is an inappropriate "parting shot."* The discussion of the risk factors in the Disclosure Statement obviously indicate the Trustee's opinions regarding Mr. Hirsch's present and future legal challenges. If Mr. Hirsch, or other Insiders, believes that the Trustee's opinion is wrong, they may say so in the Insiders' Statement.

The Trustee respectfully submits that the Revised Disclosure Statement adequately addresses all the objectors' disclosure-related concerns. Because the Trustee is willing to include

an unedited, complete Insiders' Statement with the solicitation packet to be sent to Creditors, the Insiders cannot reasonably assert that their views are not adequately represented in the disclosures used to solicit votes on the Plan. In light of the changes made to the Disclosure Statement that now appear in the Revised Disclosure Statement, the filing of the appendices to the Disclosure Statement on November 24, 2009, and the filing of a draft operating agreement for Reorganized RB, the Trustee respectfully submits that the Revised Disclosure Statement is adequate for all purposes under Bankruptcy Code § 1125 and should be approved.

Dated December 1, 2009

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: _/s/ Jordan A. Kroop_
     Thomas J. Salerno
     Jordan A. Kroop
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000

Counsel for the Chapter 11 Trustee