# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>RADICAL BUNNY, LLC,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 2:08-bk-13884-CGC<br><br>**ORDER APPROVING DISCLOSURE STATEMENT AND PLAN CONFIRMATION PROCEDURES** |

       THIS MATTER is before the Court on the *Motion For Order Approving Disclosure Statement And Plan Confirmation Procedures* of G. Grant Lyon, the Chapter 11 Trustee in the above-captioned Chapter 11 case (the "**Trustee**"), dated October 19, 2009 (the "**Motion**"). After due consideration and cause appearing,

**THE COURT FINDS AND CONCLUDES that:**

       1.    The Motion and relief requested in it constitute "core proceedings" in which this Court may enter final and dispositive orders under 28 U.S.C. §§ 1334 and 157(b)(2).

       2.    Venue of this Chapter 11 case and these proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

       3.    On October 19, 2009, the Trustee filed the *Plan of Reorganization* (the "**Plan**") and the related *Disclosure Statement In Support of Plan of Reorganization* (the "**Disclosure Statement**").

4. The Court received two objections to the Disclosure Statement: (1) *Objection to Approval of Disclosure Statement By* [sic], filed by various individuals and entities affiliated with the members of the Debtor (the "**Insiders**" and the "**Insiders' Objection**"); and (2) *Limited Objection to Disclosure Statement,* filed by Cathy Baker, Kiang Kandel, and Steve Friedberg, the petitioning creditors who commenced this case by filing of an involuntary petition (together, the "**Petitioning Creditors**" and the "**Petitioning Creditors' Objection**").

5. The Trustee filed an omnibus response to the two objections on December 1, 2009, together with a second version of the Disclosure Statement reflecting certain edits intended to address certain objections. (The Trustee also filed three appendices to the Disclosure Statement on November 25, 2009 and Exhibit A to the Plan on December 1, 2009.)

6. On December 2, 2009, the Court conducted a hearing (the "**Disclosure Statement Hearing**") to approve the Disclosure Statement and consider the relief requested in the Motion at which statements of counsel for the Trustee and the Insiders were heard. Neither the Petitioning Creditors nor their counsel appeared at the Disclosure Statement Hearing. The Trustee and the Insiders agreed to adjourn the Disclosure Statement hearing to December 8, 2009 to allow those parties to confer on additional edits to the Disclosure Statement and to allow the Insiders to prepare a separate statement (the "**Insiders' Statement**") that the Trustee previously agreed to include in the Solicitation Package (defined below).

7. At the continued Disclosure Statement Hearing on December 8, 2009, the Trustee and the Insiders informed the Court that they agreed that the *Amended Disclosure Statement in Support of Plan of Reorganization* filed on December 8, 2009 (the "**Amended Disclosure Statement**") and the terms of this Order resolved the Insiders' Objection.

8. Notice of the Motion and the Disclosure Statement Hearing was adequate under the circumstances, and no additional notice of the Disclosure Statement Hearing or the Motion is required.

9. The Amended Disclosure Statement contains ample information to warrant approval under Bankruptcy Code § 1125 and should be approved.

10. The form of ballot attached to the Motion as *Exhibit C* (the "**Ballot**") (a) is consistent with Official Form No. 14, (b) adequately addresses the particular needs of this Chapter 11 case, (c) is appropriate for the class of claims entitled to vote to accept or reject the Plan and (d) complies with Bankruptcy Rule 3017(d).

11. A ballot need not be provided to holders of Claims (as defined in the Plan) and Equity Interests (as defined in the Plan) in Classes 1, 3, and 4 (collectively, the "**Non-Voting Holders**") under the Plan because: (a) Class 1 is unimpaired and, therefore, conclusively presumed to accept the Plan in accordance with Bankruptcy Code § 1126(f), and (b) Classes 3 and 4 under the Plan neither retain nor receive any property under the Plan and, therefore, are deemed to reject the Plan in accordance with Bankruptcy Code § 1126(g).

12. The period during which the Trustee may solicit votes to accept or reject the Plan, as established by this Order, provides a sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

13. The contents of the Solicitation Packages (as defined below) and the procedures for providing notice of the Confirmation Hearing (as defined below) and the other matters set forth in the Confirmation Hearing Notice (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

14. The procedures for notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") proposed in the Motion are appropriate, consistent with the Bankruptcy Code and the Bankruptcy Rules, and are in the best interests of the estate.

**THE COURT ORDERS that:**

1. The Motion is GRANTED. To the extent not otherwise resolved by the filing of the Amended Disclosure Statement and this Order, any objections to the Disclosure Statement and the Motion are overruled.

2. The Amended Disclosure Statement is approved as containing "adequate information" under Bankruptcy Code § 1125.

3. The date of this Order is the record date for the purpose of determining which Creditors are entitled to receive the Solicitation Packages and, where applicable, vote on the Plan (the "**Voting Record Date**"). After the Voting Record Date, the holders of Claims in Class 2 under the Plan may not transfer their rights, if any, to vote to accept or reject the Plan with respect to such Claims. No person has any obligation to recognize for purposes of voting on the Plan any Claim transferred after the Voting Record Date.

4. The Confirmation Hearing will be held on February 4, 2010 at 11:00 a.m. Arizona Time. The Confirmation Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open Court.

5. In accordance with Bankruptcy Rules 2002 and 3017(d), the Trustee must provide to all creditors and equity security holders a copy of the notice, substantially in the form attached to the Motion as *Exhibit B* (the "**Confirmation Hearing Notice**"), setting forth: (a) the time fixed for filing objections to confirmation of the Plan; and (b) the time, date, and place of the Confirmation Hearing.

6. Under Bankruptcy Rule 3020(b)(1), any objections to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the claim or interest of such party; (c) state with specificity the basis and nature of any objection or proposed modification to the Plan; and (d) be filed, together with proof of service, with the Court (via the ECF system) and served so that they are **received** on or before 5:00 p.m. Arizona Time on January 28, 2010, by (i) the Court, (ii) counsel for the Trustee, and (iii) the U.S. Trustee, all at the addresses set forth in the Confirmation Hearing Notice. Objections not timely filed and served in the manner set forth above will not be considered and will be overruled and expunged.

7. The Trustee may, but is not required to, file replies to any objections to confirmation no later than 5:00 p.m. Arizona Time on the date that is one day before the Confirmation Hearing.

8. The foregoing procedures regarding notice of the Confirmation Hearing will be deemed to comply with Bankruptcy Rules 2002 and 3017 and will be deemed adequate.

9. As soon as practicable, and in no event later than seven days after entry of this Order, the Trustee must mail or cause to be mailed packages (the "**Solicitation Packages**") containing a CD-ROM with digital versions of: (a) this Order; (b) the Confirmation Hearing Notice; (c) the Amended Disclosure Statement (together with all appendices, including the Plan and all its exhibits, that have been filed with the Court before the date of the mailing); and (d) the Insiders' Statement. The Solicitation Packages also must include a paper instruction sheet reflecting the contents of the CD-ROM and information on how to obtain paper copies of those contents. Except as described below, the Solicitation Packages must be mailed to: (i) all persons or entities that have filed proofs of claim on or before the date of mailing; (ii) all persons or entities listed in the Debtor's schedules of liabilities; (iii) all other known holders of claims against the Debtors, if any; (iv) any entity that has filed with the Court and served a notice of transfer of claim on or before the date of mailing; (v) all parties in interest that have filed a notice in accordance with Bankruptcy Rule 2002 in these cases on or before the date of mailing; (vi) the Internal Revenue Service; and (vii) the United States Trustee.

10. With the Solicitation Packages, the Trustee must provide holders of Claims in Class 2 under the Plan a paper Ballot in the form attached to the Motion (which is approved under Bankruptcy Rule 3017(d)) and a return envelope. Consistent with Bankruptcy Code §§ 1126(f) and (g) and Bankruptcy Rule 3017(d), Solicitation Packages for holders of claims against or interests in the Debtors placed within a class under the Plan that is deemed to accept or reject the Plan under Bankruptcy Code § 1126(f) or (g) should not include a Ballot.

11. If any prior notice in this case was returned by the U.S. Postal Service as undeliverable, the Trustee is excused from mailing Solicitation Packages to those entities listed at such addresses unless the Trustee was provided with accurate addresses for such entities before the Disclosure Statement Hearing.

12. In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to counsel for the Trustee by one of the following methods: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight courier; or (c) personal delivery; so as to be **received** no later than 5:00 p.m. Arizona Time on January 28, 2010 (the "**Voting Deadline**").

13. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the Trustee's or the estate's rights in any other context, each claim within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the relevant proof of claim filed with the Court. The foregoing general procedure is subject to the following exceptions:

    a. If a claim is deemed allowed in accordance with the Plan, such claim is temporarily allowed for voting purposes in the deemed allowed amount;

    b. If the Trustee and a holder of a claim have agreed to allow such holder's claim in a particular amount for voting purposes only and have filed with the Court a stipulation memorializing such agreement by the Disclosure Statement Hearing, such claim is temporarily allowed for voting purposes only in the stipulated amount;

    c. If a claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated, or disputed on its face, either in whole or in part, such claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

    d. If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court;

    e. If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not timely filed, unless the Trustee consents to a late filing of such

claim in writing, such claim is disallowed for all purposes under the Plan, including voting and distribution;

    f. If any party has served an objection to a claim at least ten days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection.

  14. Any Ballot that is properly completed, executed, and timely returned but does not indicate an acceptance or rejection of the Plan will be deemed a vote to accept the Plan. Whenever a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline is to be deemed to reflect the creditor's intent and thus to supersede any prior Ballots. Creditors are required to vote all their claims within a particular class under the Plan either to accept or reject the Plan and are not permitted to split their vote. A Ballot that partially rejects and partially accepts the Plan will not be counted.

**SIGNED AND DATED ABOVE**